State v. Flint.

————o————

| 62 | 393 |
|----|-----|
| 37a | 217 |
| 62 | 393 |
| 106 | 655 |
| 107 | 367 |
| 62 | 393 |
| 110 | 6 |
| 111 | 100 |

STATE OF MISSOURI, Appellant, *vs.* THOMAS J. FLINT, Respondent.

1. *Practice, criminal—Indictment—Sheriff—Embezzlement—Money and owner-ship, how stated—Statute, construction of.*—In an indictment against a sheriff for embezzling public money of the State and county, it is not necessary to state from whom he received the money, nor the proportion that belonged respectively to the State and county (Wagn. Stat., [1872] 459, § 41.) All that is said in the indictment, in regard to the ownership of the money, must be considered as mere amplifications of the words " public moneys, " and their

significance is to denote the kind of money that may be the subject of embezzlement and not its ownership. It is sufficient to allege that it was public money belonging to the State or county .or both.

2. *Practice, criminal—Indictment—Allegations, conjunctive or disjunctive—Repugnancy.*—When a statute enumerates the offenses, or the intent necessary to constitute the offense, disjunctively, the indictment must charge them conjunctively, when the acts are not repugnant. If the contradictory or repugnant expressions do not enter into the substance of the offense, and the indictment would be good without them, they may be rejected as surplusage, or if simply inconsistent with a preceding averment, it may also be so rejected.

3. *Practice, criminal—Indictment—Repugnancy, when fatal.*—The charge in the indictment must not be inconsistent with itself, but no absolute rules can be laid down to determine what repugnancy will be fatal.

4. *Practice, criminal—Indictment—Court—Public moneys —Secreting—Investing—Statute, construction of.*—A charge of secreting and making away with public moneys is inconsistent with a charge of investing it in property in the sense of the statute (Wagn. Stat., [1872] 459, § 41,) and, if it is intended to arraign the accused on each, they must be inserted in different counts.

5. *Practice, criminal—Indictment—Embezzlement —Agent of State, how alleged—Statute, construction of.*—An indictment against an agent of the State and county, for embezzlement of public funds (Wagn. Stat., [1872] 459, § 41), should allege when and how he was appointed and the authority for his appointment.

### *Appeal from Harrison Circuit Court.*

*J. A. Hockaday, Att'y Gen'l,* for Appellant.

I. The first count of the indictment covers the statutory offense and is therefore sufficient. (Wagn. Stat., 459, § 41.) It is not necessary to state more definitely the money embezzled. (Whart. Crim. L. [7 Ed.] § 1941; 2 Bish. Crim. P., 325.) Nor is it necessary to state how much belonging to the State and county, each, was embezzled. The substance of the offense is the embezzlement of public money. (Brown vs. State, 18 Ohio St., 506.)

II. Where a statute enumerates offenses disjunctively, the indictment must charge them conjunctively, unless the acts are repugnant. (30 Mo., 241; 44 Mo., 343.)

For the same reason the indictment is good where it avers that he converted the money to his own use, used it by way of investment in property and merchandise, that he made away with the same and secreted, etc.

III. It is not necessary to aver how the defendant became agent of the State and county. (Arch. Crim. Prac. and forms, 562.) The same rule should apply to an agent of State or county as to that of corporations or individuals in ordinary cases of embezzlement and conversion.

IV. Nor is it necessary to state with more particularity how defendant became possessed of the money as said agent, nor by whom the money was intrusted. (Whart. Crim. L. § 1941.)

V. The other objections to this count are that the allegations are inconsistent and repugnant, and that the indictment is too general to inform the accused of the crime alleged against him. As to the first point, see 30 Mo., 241; and there is no force in the latter point, as all the elements of the offense are embraced in the indictment.

*Shanklin, Low & McDougal,* for Respondent.

I. The crime charged is a felony under our statute, and the indictment should be sufficiently definite to put the accused in possession of the charge for which he is held to answer. (State vs. Rockford, 52 Mo., 199; State vs. Bonnell, 46 Mo., 395; State vs. Evers, 49 Mo., 542; State vs. Bittinger, 55 Mo., 601; State vs. Heine, 50 Mo., 362; State vs. Albin, 50 Mo., 419; State vs. Gardner, 2 Mo., 24.)

An indictment for embezzlement, so general as to afford no information to the prisoner of the precise sums embezzled or of the persons from whom they were received, has been held insufficient by the English courts. (Rex vs. Hodgson, 3 C. & P., 422; Rex vs. Bootyman, 5 C. & P., 300; 2 Arch. Cr. Pr. [7 ed.] 562.) The indictment must go beyond the words of the statute, and state what money or thing was embezzled, and, how, or from whom, it came into the hands or possession or under the control of the officer or agent. (Rex vs. Ferneaux, Russ. & Ry., 335; Rex vs. Flower, 5 B. & C., 736; Com. vs. Simpson, 9 Met., 138; Rex vs. Johnson, 3 M. & S., 539; People vs. Cox, 40 Cal., 275; 2 Bish. Crim. Prac., §§ 285-6 and note 3; Com. vs. Smart, 6 Gray, 15; 2 Arch. Crim. Prac. & Pl., 448, and note; 2 Bish. Cr. Pr., § 285.)

II. It does not appear from the second count, how defendant became the agent of the State or county. (2 Arch. Crim. Pr. & Pl.. [7 ed.] p. 562; Whart., Crim. L., [7 Ed.] §§ 1940, 41.) This count contains several distinct offenses.

WAGNER, Judge, delivered the opinion of the court.

The defendant, who was sheriff and collector of Daviess county, was indicted for embezzlement under the statute, (Wagn. Stat. [Ed. 1872], 459, § 14) for converting, secreting and investing certain moneys, which were alleged to have belonged to the State and county. The indictment contained two counts, and the first count, after alleging the election and qualification of the defendant as sheriff and collector, charged that as such sheriff and collector, he feloniously converted to his own use, and used by way of investment in merchandise and property, and made way with and secreted, large sums, or portions of the public moneys belonging to the State and county revenues, by him received as sheriff and collector for safe keeping, disbursement, transfer and other purposes, amounting in the aggregate to the sum of ten thousand dollars.

The second count charged, that the defendant was agent of the State and of the county, and as such agent he had in ·his possession and under his control and supervision, by virtue of his agency, a large amount of the public moneys belonging to the State and county, and, at certain periods stated, he feloniously converted to his own use, by way of investment in property and merchandise, and made way with and secreted certain sums specified. The latter charge was repeated as occurring at divers times to the jurors unknown.

There was a motion made to quash both counts. The reasons assigned for quashing the first count, were: 1st. That the money charged to have been embezzled was alleged to be the aggregate of ten thousand dollars, and was charged to have been both of the State and county revenue; 2nd. that it was alleged that the defendant received the

money for safekeeping, for disbursement, for transfer and for other purposes, by virtue of his office; but the indictment failed to state, whether he received it for the one purpose or the other; 3rd. that it was alleged, that defendant converted the money in its aggregate amount to his own use, that he used the same money by way of investment in property and also in merchandise; that he made way with the same money, and also secreted it, which allegations were inconsistent and repugnant and could not all be true.

The objections assigned to the second count, were; 1st. That it did not appear how the defendant became the agent of the State and county, by whom or by what authority he was appointed such agent, nor for what purpose he was so appointed; 2nd. it did not appear how defendant became possessed of the money as agent of the State or county, nor by whom any money of the State or county was entrusted to him; 3rd. that the allegations were inconsistent and repugnant; and 4th, that the charges were so general as to afford no information to the accused of the precise money he was alleged to have embezzled, or from whom he received it, or how he came to have the same in his possession.

The court sustained the motion and quashed both counts, and the State appealed.

The following is the section of the statute upon which the indictment was drawn: "If any officer appointed or elected by virtue of the Constitution of the State, or any law thereof, including as well all officers, agents and servants of incorporated cities and towns, as of the State and counties thereof, shall convert to his own use, in any way whatever, or shall use by way of investment in any kind of property or merchandise, or shall make way with, or secrete, any portion of the public moneys, or any valuable security by him received for safekeeping, disbursement, transfer, or for any other purpose, or which may be in his possession, or over which he may have the supervision, care or control, by virtue of his office, agency or service, every such officer, agent or servant, shall upon conviction be punished," etc.

This section was before this court in the case of State vs. Clarkson (59 Mo., 149), where it was said, that the first clause of the section described the ordinary elements of the offense of embezzlement, which was followed by certain alternative provisions, which being committed would also constitute that crime. The section applies the law to a new class of persons, and declares that if they convert to their own use, in any manner whatever, the moneys or securities there spoken of, they shall be guilty. When they have made the illegal or unlawful conversions, the elements of the offense are complete, regardless of the means they have used to accomplish their object. But a new and distinct element or ingredient is introduced. If the officer, agent or servant, having the supervision, care or control of the money or security, shall use the same by way of investment in any kind of property or merchandise, or shall make way with or secrete the same, he is also made guilty of the offense. Here the pleader distinctly charges the conversion, and attempts to go on and specify how it was done, so as to bring the offense within the second or alternative clause of the section.

We do not think there is any valid objection to the indictment on account of its failure to state from whom defendant received the money, or to point out what particular money he embezzled, or whether it was State or county revenue, or how much belonged to either. It is charged that he converted to his own use, while he was in office as sheriff and collector, large sums of money received by him as such, belonging to the State and county revenue, and that was sufficient. It would be a difficult task to undertake to set forth or specify from whom the collector received the money in making his collections, nor does the statute contemplate it.

Nor is it necessary to state what particular money was embezzled or the proportion that belonged to the State or county. The statute makes it a crime to convert by the means spoken of "any portions of the public moneys." The substance of the offense, as defined by the statute, consists in converting the "public money," and all that is said as regards the

ownership of the money must be considered as mere amplifications of the words "public moneys." They are simply specifications as to what is and what is not public money. Their significance is to denote the kind of money that may be the subject of embezzlement and not its ownership. (Brown vs. The State of Ohio, 18 Ohio St., 496.)

It is sufficient, under the statute, for the indictment to allege that the money was public money belonging to the State or county, or to both. Certain undivided portions of the money belonging to the State and county each; and there is nothing to show that it was the intention of the legislature to have the several amounts ascertained and specified in the indictment. It is only necessary for the indictment to show that it was public money in the statutory sense, that is, that it was public money belonging to the State or county.

The statute is in the disjunctive, and makes the act criminal when done in one or the other of different ways. The indictment follows the language of the statute, but charges the offense to have been committed conjunctively. This ordinarily is correct and proper pleading. Where a statute on which an indictment is founded, enumerates the offenses or the intent necessary to constitute such offenses disjunctively, the indictment must charge them conjunctively where the acts are not repugnant. (State vs. Fitzsimmons, 30 Mo., 326.) Where the contradictory or repugnant expressions do not enter into the substance of the offense, and the indictment will be good without them, they may be rejected as surplusage; or, where the repugnant matter is simply inconsistent with any preceding averment, it may also be rejected as superfluous.

It is not easy to lay down any absolute rules, which can be taken as reliable guides to determine what repugnancy will be fatal and what will not. It is said by Chitty, that "it is essential that the charge should not be repugnant or inconsistent with itself, for the law will not admit of absurdity and contradiction in legal proceedings." (1 Chit. Crim L., 231.)

The indictment alleges, that defendant "did convert to his own use by way of investment in property and merchandise, and make way with and secrete" the public money. The offense consists in investing the money in property or merchandise, or in making way with and secreting the same. Both of these cannot be done with the same money. It is physically impossible. If the money was invested in property or merchandise, it could not be made way with or secreted in the sense of the statute. The defendant should have been informed upon which of these substantive charges he was called upon to answer. They constituted distinct acts and separate modes of committing the offense, and, if it was intended to arraign the accused on each, they should have been inserted in different counts. For this reason the first count was manifestly bad.

The same argument will apply to the second count; and we think it was objectionable also on account of its defective allegations of agency. It merely stated that the defendant was the agent of the State and county. It should have alleged when and how he was appointed and the authority for his appointment.

It follows therefore that the judgment of the court below must be affirmed. All the judges concur, except Judge Vories, who is absent.