THE STATE v. MANLEY, *Appellant.*

DIVISION TWO.

1.   Criminal Law: EMBEZZLEMENT BY OFFICER: INDICTMENT.    An indictment for embezzlement which charges that defendant "did unlawfully and feloniously make away with, secrete and convert to his own use moneys," etc., under Revised Statutes, 1889, section 3555, making it a felony for any officer " to convert to his own use in any manner whatever any moneys  *  *  *  or to make away with or secrete any moneys that may have come to him by virtue of his office or position," charges but one offense and is sufficient, as the words used are not repugnant or inconsistent with one another.

2.   ———: ———: ———.    An indictment for embezzlement by an officer which alleges that defendant " then and there being an officer duly elected  *  *  *  to-wit, a constable," sufficiently

The State v. Manley.

charges defendant to be an officer, although the word "being" is used instead of "was," and it is not alleged that defendant qualified or entered upon the discharge of his duties.

*Appeal from St. Louis Criminal Court.*—HON. J. C. NORMILE, Judge.

AFFIRMED.

*Thos. B. Harvey* for appellant.

(1) The indictment should have been quashed, because it charged several distinct offenses in the same count. *State v. Clarkson*, 59 Mo. 149; *State v. Flint*, 62 Mo. 393. (2) The indictment should have been quashed, because it failed to allege that the accused had qualified as an officer or had entered upon the discharge of his duties as such. *State v. Clarkson, supra; State v. Flint, supra; State v. Hays*, 78 Mo. 600; *State v. Cleveland*, 80 Mo. 108; *State v. Findley*, 101 Mo. 217. (3) The court erred in instructing the jury that they could convict the defendant of any one of the three crimes charged; and in failing to instruct that a criminal intent must accompany the alleged wrongful act.

*John M. Wood*, Attorney General, for the State.

(1) The indictment is sufficient in its allegations to support the verdict and the judgment. It charges the offense in the language of the statute, and fully advises defendant of the offense charged and the particulars of its commission. (2) The indictment is not open to the charge of duplicity. When the statute enumerates the offenses, or the intent necessary to constitute the offense, disjunctively, the indictment must charge them conjunctively, when the acts are not repugnant. *State v. Flint*, 62 Mo. 393; *State v. Fitzsimmons*, 30 Mo. 326; *State v. Fancher*, 71 Mo. 460; *State v. Bregard*, 76 Mo. 322; *State v. Pitman*, 76 Mo. 56;

*State v. Nation*, 75 Mo. 53. The charge in the indict-ment must not be inconsistent with itself; but no absolute rules can be laid down to determine what repugnancy will be fatal. *State v. Flint*, 62 Mo. 393. The indictment is not obnoxious to the objections urged in *State v. Clarkson* 59 Mo. 149, and *State v. Flint*, 62 Mo. 393. (3) The instructions given by the court fully covered the law of the case, and were correct in every particular.

GANTT, P. J.—The defendant was tried and con-victed in the criminal court of St. Louis, on the follow-ing indictment :

"The grand jurors of the state of Missouri, within and for the body of the city of St. Louis now here in court duly impaneled, sworn and charged, upon their oath present, that James Manley, late of the city of St. Louis aforesaid, and state aforesaid, on or about the second day of November, in the year of our Lord 1888, at the city of St. Louis aforesaid, then and there being an officer duly elected by virtue of the law of the state of Missouri, to-wit, a constable for and within the sixth district of the city of St. Louis, did unlawfully and feloniously make away with, secrete and convert to his own use moneys that came to him by virtue of his office as constable aforesaid, to-wit, $75 lawful money of the United States, and all the property of Martin Monti, which said money came to and was collected by said James Manley. by virtue of his official position aforesaid under a certain landlord summons duly issued by one James McCaffery, a justice of the peace, for and in the city of St Louis, in the state of Missouri, duly qualified and authorized by law to issue said landlord summons so placed in the hands of said James Manley, constable as aforesaid. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.    WILLIAM ZACHRITZ,
"Assistant Circuit Attorney."

Defendant moved the court to quash the aforesaid indictment, alleging a number of grounds, some of which will be referred to in the course of this opinion; and after exceptions had been preserved to the action of the court in overruling said motion, a trial was had, resulting in a verdict against appellant. Motions for new trial and in arrest were duly filed and overruled, a bill of exceptions tendered and signed and appeal taken.

The defendant assigns as error that the indictment was insufficient, for that it charged several distinct offenses in the same count, and because it failed to charge that the defendant had qualified as constable for the sixth district of St. Louis. He also complains that the court erred in instructing the jury that they could convict the defendant of either of three distinct crimes charged in the indictment, and in failing to instruct that a criminal intent must have accompanied the alleged wrongful act.

I. The cases of *State v. Clarkson*, 59 Mo. 149, and *State v. Flint*, 62 Mo. 393, are relied on in support of the proposition that three distinct offenses are blended in one count. The indictment here is drawn under section 1326, Revised Statutes, 1879, as amended by the act of March 15, 1887. Session Acts, 1887, pp. 161-2; R. S. 1889, sec. 3555. That the scope of the section is greatly enlarged by the amendment, both as to the persons included within its provisions and the moneys and property converted, may be seen at a glance. By this act it is made a felony for any officer elected or appointed by virtue of the constitution of this state, to "*convert to his own use in any manner whatever* any moneys that may have come to him by virtue of his office or official position, or to make away with or secrete any moneys that may have come to him by virtue of his office or position."

It was said in *State v. Flint*, 62 Mo. 393, that this court in *Clarkson's case* had determined that the first clause of the section described the ordinary elements

of the offense of embezzlement, which was followed by certain alternative provisions which being committed would also constitute that crime. In that case the charge was that the defendant "did convert to his own use by way of investment in property and merchandise, and *make away with and secrete* certain public money." This court held in that case that the two charges were repugnant, that it was a physical impossibility to invest the same money in property and merchandise, and at the same time make away and secrete it in the sense of the statute.

Here the charge is "did make away with, secrete and convert to his own use." Is there any repugnancy here? The statute covers conversion "in any manner whatever." We are not aware of any technical significance the words "make away with," "secrete" and "convert" have, that would render them repugnant or inconsistent. Either of them would characterize an embezzlement, or all of them can properly unite in designating a particular embezzlement. One can "make away" with another's property by secreting it and at the same time make a secret investment of it for his own benefit, thus fully meeting the legal view of a conversion to his own use.

This court in *State v. Flint* did not deem the words "make away with" and "secrete" repugnant. If they are not repugnant to each other they certainly are not to the expression "convert." Indeed, we think the statute in this case makes the word "convert" generic, and includes within it the other two expressions as modifiers.

So it was held in *Commonwealth v. Simpson*, 9 Metcalf, 138, where the indictment charges that the defendant "did embezzle, steal, take and carry away," that it was a good indictment for larceny alone, it being apparent the pleader did not intend to charge a technical embezzlement; so, we think here the pleader,

from the whole indictment, intended to charge a con·
version to defendant's own use, as he did not proceed
as in the *Flint case* to charge all the facts that would
be contradictory of such a conversion. Hence, as to
the misjoinder, we must rule the point against the
defendant.

II. The next point is that it did not sufficiently
appear that defendant was an officer within the mean-
ing of the section. The allegation is "that James
Manley, then and there being an officer, duly elected
by virtue of the law of the state of Missouri, to-wit,
a constable for and within the sixth district of the city
of St. Louis, did, etc., convert moneys that came to him
by virtue of his office as constable," etc.

There can be but two criticisms on this charge.
The first is that the pleader uses the *participle "being"*
instead of the *verb "was;"* and, secondly, failed to use
the additional word "qualified," after "elected."

In the language of Lord MANSFIELD; "tenderness
ought always to prevail in criminal cases, so far, at
least, as to take care that a man may not suffer other-
wise than by due course of law, but that tenderness
does not require such a construction of words ( perhaps
not absolutely and perfectly clear and express ), as
would tend to render the law nugatory and ineffectual
and destroy or evade the very end of it. Nor does it
require that we should give into such nice and strained
critical objections as are contrary to its true sense and
spirit."

So here, while the pleader might and ought to
have used the word "was" instead of "being," and
supplemented elected with "qualified," or "entered
upon the discharge of his office," still it is perfectly
apparent that the defendant was fully and explicitly
notified that he was charged with having, as a duly
elected and acting constable, converted money he had
collected by virtue of his office. Indeed, it is rare that

"the nature and cause of the accusation" is made so clear and distinct. There is nothing equivocal about it. The indictment cannot be held bad on these objections. *State v. Hooker*, 17 Vt. 658 ; *State v. Roberts*, 52 N. H. 492.

III. The remaining objection is to the instruction of the court. For the reasons we have given for holding the indictment not bad for duplicity, we also hold the instruction is not erroneous.

As to the other assignment, that the instruction ignored the criminal intent we do not think it is well taken. The jury are instructed that if they find from the evidence that the defendant unlawfully, fraudulently and feloniously converted to his own use the $75 he had collected belonging to Martin Monti, by virtue of his official position, they would find him guilty. This was all the state was required to prove.

The object and purpose of the statute was to prohibit by severe punishment the conversion of moneys received by virtue of official position and certain fiduciary relations named therein. It was enacted with a view to prevent the growing tendency of those intrusted with public moneys and trust funds, to speculate for their own personal aggrandizement.

To accomplish this purpose, it was deemed best to say to officers and trustees, you shall not convert to your own use in any manner whatever the moneys you have received by virtue of your public trust. Your good intentions will not restore these moneys after your investment has proved disastrous. It matters not that in many cases you honestly think you can safely invest the public funds and will be able to restore them when called for. They were not placed in your hands for such a purpose. To save you from dishonor, your sureties from bankruptcy and loss, we will deter you from attempting such a proceeding. Experience justified the legislature in coming to this conclusion.

Observation had taught that many well-meaning men had been lured to their own disgrace and ruin by converting the trust funds in their hands to their own private ends, and, having lost, attempted to cover up their property and make good the trust funds by false charges and vouchers. We think the instruction fully met the requirement of the statute.

We accordingly affirm the judgment of the criminal court. All concur.