The State v. Adams.

THE STATE v. ADAMS, *Appellant*.

DIVISION TWO

1. **Embezzlement:** INDICTMENT: STATUTE. An indictment under Revised Statutes, 1889, section 3549, for embezzling a piano is sufficient, if it substantially follows the language of the statute.

2. ———: ———. The concluding words of the indictment that defendant did "feloniously steal, take and carry away" the piano merely state conclusions, and do not render the indictment bad for duplicity.

3. **Criminal Practice:** EVIDENCE. Where it appears that defendant was the prosecuting witness' agent for the sale of pianos, and that their transactions extended from a period antedating the contract down to the termination of the agency, a statement of account rendered by the prosecuting witness to defendant which showed that defendant had the piano in question on hand at a certain date is properly admissible in evidence after it was introduced in part by defendant during the cross-examination of the prosecuting witness.

4. ———: ———. So under such circumstances letters written by the prosecuting witness to the defendant requesting him to make a settlement and to account for the pianos are admissible, especially where the defendant does not deny the sale of the piano and the appropriation of the proceeds, and the letters were a part of the correspondence between the parties and were not replied to by defendant.

5. ———: EMBEZZLEMENT: CRIMINAL INTENT. An instruction which makes the defendant's fraudulent intent consist in converting the piano "to his own use with the intent to convert it to his own use without the consent of his employer" is sufficient on the question of the criminality of the conversion.

The State v. Adams.

6. ———— : ———— : ————. The legislature may within the constitutional limit declare an act criminal irrespective of the motive with which it was committed.

7. ———— : ———— : ————. An instruction, that if defendant, with intent to embezzle the piano, sold it, and, to further carry out such purpose, took a note in his own name and sold the note he would be guilty, is correct.

8. ———— : ———— : ————. A provision in the contract under which defendant handled and sold the pianos, that pianos remaining longer than a certain time should be returned, or defendant would pay interest thereafter, does not change defendant's rights as to pianos· remaining longer than the period specified ; he was still an agent to sell them.

9. ———— : OBJECTION TO EVIDENCE. A mere general objection to evidence may be disregarded by the trial court.

10. ———— : DEFENDANT AS WITNESS : CROSS-EXAMINATION. Mere voluntary statements made by defendant on cross-examination ·as a witness cannot be made a ground for reversing the judgment.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. P. Risdon* for appellant.

*John M. Wood,* Attorney General, for the State.

MACFARLANE, J.—Defendant was indicted under section 3551 for the embezzlement of one piano of the value of $300, the property of James A. Guest. Upon a trial he was convicted and sentenced to imprisonment in the penitentiary for two years. From this sentence defendant appealed to this court.

The evidence shows that James A. Guest was a wholesale dealer in pianos and organs at Burlington, Iowa, and that defendant was a retail dealer in musical instruments at Kirksville, Adair county, Missouri ; that prior to September, 1885, defendant had acted as agent for Guest in the sale of pianos and organs. On

the seventh day of September, 1885, these parties entered into a written agreement by which defendant undertook to act as agent for Guest in the sale of these instruments in Kirksville, and such other territory as Guest might thereafter designate. Among the terms and conditions upon which this agency was made and accepted, defendant agreed to take the instruments on consignment, and sell them and promptly remit proceeds, whether in notes or money, for which he was to receive a commission. Under this agreement the business was conducted until about April, 1888, when it was terminated by Guest.

On the twenty-seventh of June, 1887, one style S, Star piano, number 5758, was consigned to defendant at Kirksville, for sale under the terms of the agency. On the fourteenth of December, 1887, defendant sold this piano to one Abner Russell, of Kirksville, for $300, and in payment therefor Russell conveyed to him some real estate for the consideration of $100, and gave him his note for $200, payable in three months. This note defendant sold and assigned in a few days thereafter, and received the proceeds. This transaction was not reported to Guest, nor did defendant account to him for the piano or the proceeds of the sale. The evidence tended to prove that defendant endeavored to conceal this transaction from Guest and made false statements in regard to what disposition had been made of this piano.

The defense was that, in the transaction between the parties, there were open, unadjusted accounts about which they differed, and that defendant retained the proceeds of the sale of this piano, for the purpose only of procuring a settlement of the accounts, and of retaining in his hands money enough to settle balances he claimed to be due him. To make out this defense defendant was permitted to introduce testimony covering all the transactions of the parties, while the agency continued, including statements of accounts made by

them. Any other facts will be stated in connection with the questions discussed.

I. The sufficiency of the indictment is challenged on two grounds : *First*, that it does not set forth with sufficient precision the capacity in which defendant acted, whether as agent or collector ; *second*, it improperly joins in one count two distinct offenses, embezzlement and larceny.

The indictment charges that defendant "being then and there agent and collector of a certain private person, to-wit, one James A. Guest, and the said W. A. Adams being then and there not a person under the age of sixteen years did then and there, by virtue of his employment as agent and collector of the said James A. Guest, have, receive and take into his possession, and under his care, certain personal property, to-wit, a style S, Star piano, number 5758, of the value of $300, and of the property belonging to the said James A. Guest, and the said W. A. Adams the said piano then and there feloniously did embezzle and fraudulently convert to his own use without the assent of his employer, the said James A. Guest, the owner of said piano, and the said W. A. Adams the said piano, in manner and form aforesaid feloniously did steal, take and carry away, against the peace and dignity of the state."

A reading of section 3549 of the statute, under which this indictment is framed, will show that the language used, creating the offense attempted to be charged, is substantially followed by the indictment. The uniform ruling of this court has been that an indictment for an offense created by statute will be sufficient if the language of the statute is substantially followed. *State v. Mohr*, 68 Mo. 303 ; *State v. Coulter*, 46 Mo. 565 ; *State v. Johnson*, 93 Mo. 319.

II. We do not think the indictment bad for duplicity. The facts charged do not constitute a common-law larceny. They do constitute the statutory

crime of embezzlement and nothing more. The conclud-
ing words of the indictment, that defendant did "feloni-
ously steal, take and carry away," etc. merely state
conclusions, which are not justified by the facts stated
in the body of the indictment, yet this form of conclu-
sion is frequently used in charging embezzlement.
Bishop says, "This allegation is unnecessary, but the
practice is to insert it, and it seems to be required by the
decisions. 2 Bish. Crim. Proc. [ 3 Ed.] secs. 315, 333 ;
*Hamuel v. State*, 5 Mo. 261 ; *Commonwealth v. Simpson*,
9 Met. 141.

III.   On the trial, prosecuting witness testified in
behalf of the state.   On cross-examination, defendant's
counsel inquired of this witness as to transactions
between him and defendant from a period antedating
the contract down to the termination of the agency.
In this cross-examination counsel had before him state-
ments of account which had been made by Guest to
defendant, and examined witness as to items of charges
and credits therein.   One of these statements was dated
September 1, 1888.   Witness was unable to testify as
to items of this statement without reference to his
books, but did testify that he had written defendant
repeatedly, and he had never disputed the statement.
The state afterwards introduced in evidence a statement,
made by defendant, showing the pianos and organs on
hand, April 19, 1888.   This statement included the
piano specified in the indictment and also several
organs.   The state then, over defendant's objection,
introduced the statement made by Guest to defendant
of September 1, 1888.   This included the same piano
and organs as were contained in the statements made
by defendant and some additional items of alleged
shortage.

The state read also, without objection, some letters
and statements between Guest and defendant, and then
read, over objections, copies of the following two letters

from Guest to defendant, the first dated April 17, the the second May 21, 1888.

"DEAR SIR:—Having had stock in your hands over a year and failing to get a proper report on same, and, later, your refusal to account for the goods to Mr. Leekly, has compelled me to direct Mr. Leekly to close the contract between us and take up the stock. I regret this very much, and in this connection I beg to say, that if your account is satisfactorily adjusted I am willing to do anything for you that is right."

"DEAR SIR:—I beg to say that you do not reply as to the Shipley collection which you agreed to settle by May 10; also in regard to the Star piano customer whom you stated had the Star in his house, and would return the following week after you left here. It must be sold or taken up forthwith. Your early reply will oblige, very truly——."

Defendant insists that this statement and these letters were not admissible. There can be no doubt that the statement and letters made and written by the prosecuting witness would not have been admissible as original evidence to prove a conversion of the piano. As independent evidence they were mere hearsay and inadmissible. Whart. Crim. Ev. [9 Ed.] sec. 644; *Leonard v. State*, 7 Texas App. 446. We think, however, that the statement was properly admitted under the circumstances in which it was offered. It was explanatory of the testimony of the witness who prepared it. He was cross-examined as to items contained in the statement, and their correctness questioned. This statement was first brought into the case by defendant for the purpose of contradicting the witness, and for showing an affirmative defense. The state was entitled to the entire statement after parts of it had been introduced by defendant.

The letters were a part of the correspondence between the parties, about the time of closing the business between them and were responsive to letters from

defendant. They were also written by the principal to
his agent about the business of the agency, and merited
an answer. The fact that defendant failed to reply to
them was evidence to go to the jury. Besides, there
was nothing contained in the letters that was disputed
by defendant. The sale of the piano and appropriation
of the proceeds were not denied, and the letters were
not prejudicial. Whar. Crim. Ev. [ 9 Ed.] sec. 682.

IV. Objection is made to the first instruction in
that it does not make the criminality of the conversion
of the piano depend upon a *fraudulent* intent. That
part of the instruction reads as follows : "Converted
said piano to his own use, with the intent to convert it
to his own use, without the consent of his employer,"
etc. The instruction follows the language of the stat-
ute. The crime as defined by the statute consists in
the conversion, with intent to convert to his own use,
without the assent of his employer. The rule, it is
true, is that " an act and evil intent must combine to
constitute in law a crime." 1 Bish. Crim. Law, sec.
206. The statute ( sec. 3549 ) has defined both the act
and the intent which are necessary and sufficient to
constitute the crime of embezzlement. The legislature
has the undoubted right, within constitutional limits,
to declare an act criminal irrespective of the motive
with which the act was done. "In such instances the
function of the court is to find out the intention of the
legislature, and to enforce the law in absolute conform-
ity to such intention. *Halstead v. State*, 41 N. J. L.
552 ; 1 Bish. Crim. Law, sec. 345 ; *State v. Manley*, 107
Mo. 364 ; *State v. Pratt*, 98 Mo. 483 ; *Hill v. State*, 62
Ala. 169 ; *State v. Holloway*, 41 Iowa, 203.

The only criminal intent on the part of defendant
required by the statute was the intent to convert the
piano to his own use without the assent of his employer,
and the instruction was without fault.

V. Instruction, numbered 2, recites all the facts
which are necessary to a conviction, and directs the

jury, if these facts are found, to find defendant guilty. We are unable to see that undue prominence is given to any one of these facts as contended by defendant. In this instruction the court declares, in effect, that if defendant, intending to deprive Guest of his property in the piano, and without his consent, sold it to Russell for a note of $200, and five town lots, and, to further carry out such purpose, took the note and title to the property in his own name, and disposed of the note, then he would be guilty. We do not think that the prohibition impliedly placed upon defendant by this instruction to sell the property, with intent to deprive the owner of it, a restriction upon the right to sell under the contract appointing him agent, as is contended by defendant. The contract required sales to be made for the employer, and not for the agent. His liberty to make sales as agent, under this construction of the contract, was unrestricted.

VI. The tenth item in the contract between defendant and Guest was as follows: "Pianos and organs remaining on hands longer than four months—six months in the extreme—shall be returned to you at the end of that time, or I will pay eight-per-cent. interest thereafter until sold and returns are made, or until they shall be ordered back by you." Defendant asked the court to instruct the jury in substance that, under this clause of the contract, "defendant is only civilly liable for the return of the piano or payment of the value with interest, and there is no embezzlement in this cause." The court refused to so instruct.

Because the employer reserves the right to charge interest on the value of the property after it has been in the hands of the agent a given period without sale, does not vest in the agent such a joint ownership in the property as will relieve him from prosecution for embezzlement in case of a conversion. The contract does not undertake to enlarge the rights or powers of the agent. The relation of the agent to the property

remains unchanged. This is not similar to a contract by which it is agreed that if the agent neglects to transmit the proceeds of a collection or sale, he should pay interest thereon until the settlement was made, as in case of *Miller v. State*, 16 Neb. 179, and other cases cited by defendant. In such cases the relationship of principal and agent is changed to that of debtor and creditor.

VII. Defendant testified as a witness in his own behalf, going into the details of the business transaction between himself and Guest, and supporting his defense, that, upon a proper settlement, Guest would be his debtor, and that the proceeds of the piano were retained to secure a settlement. On cross-examination he was asked : "If Guest was owing you as you claim why did you not settle with him ? *A.* I did turn over some goods to him before I went away.

" *Q.* When did you go away ? ( A general objection was made to this question, which was overruled, and an exception saved.) *A.* The last of May or first of June, 1888, I think.

" *Q.* When did you come back ? *A.* In February, 1889, when I was arrested."

The trial court has the right to know the specific ground upon which objection is made to testimony, and the rule is, that a mere general objection may be disregarded. *Margrave v. Ausmuss*, 51 Mo. 567, and authorities cited ; *Primm v. Raboteau*, 56 Mo. 407. In this case it is not necessary to invoke that rule, if applicable. The objection urged here to the admission of the evidence is that it was concerning matters not referred to in his examination in chief, and tended to prove that defendant had fled to avoid prosecution. It may be that the evidence had such a tendency, but the fact that he had gone away was voluntarily disclosed by defendant himself without being questioned by the prosecuting attorney. Witness also volunteered the statement that he came back when he was arrested. If judgments

The St. L. Agr'l & Mech. Ass'n v. Delano.

could be reversed on the ground that the defendant, while testifying, voluntarily made some statement which he could not have been required to make, then every defendant in a criminal case could, by making uncalled-for statements, lay the foundation for reversing any judgment against himself. A defendant can make a confession which is admissible against himself. There is no reason why he may not do so while testifying.

VIII. We have examined all other errors assigned and find nothing in them prejudicial to defendant. The trial seems to have been conducted with perfect fairness. Defendant was given the full benefit of his defense. The jury was instructed that if the parties differed about items of account between them, and defendant sold the piano as the property of Guest, and only took and held the proceeds, in order to procure a settlement, they should acquit. Before they could convict defendant they were required to find that he intended to, and did, convert the piano to his own use, while it was in his possession, and were told that no after-formed design to convert the proceeds to his own use would justify a verdict of guilty.

The jury passed upon the evidence under the instructions, and no good reason appears for disturbing their conclusion. Judgment affirmed. All concur.