CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1891.

---

(*Continued from Vol. 109.*)

---

THE STATE v. GILMORE, *Appellant.*

Division Two, March 28, 1892.

---

1. **Criminal Practice:** SPECIAL JUDGE. A judge, because of his own knowledge of his incompetency to try a criminal cause .may, under Revised Statutes, 1889, sections 4174 and 4177, make an order for the election of a special judge.

2. ———: ———: EXCEPTIONS. Where such order is complained of ;as being irregular, exceptions should be saved at the time.

3. ———: ———: PRESUMPTION. The mere omission in the order of the words "licensed" and "enrolled," as descriptive of the attorneys who participated in the election, does not render the order a nullity where it speaks of them as members of the bar, and recites that the clerk, in conducting the election, conformed to the statute, since it will be presumed that the clerk properly performed his duty.

4. ———: EMBEZZLEMENT: INDICTMENT. An indictment for embezzlement is not bad on the ground that it charges both larceny and embezzlement, because after charging embezzlement it concludes

| 110 | 1 |
| 112 | 485 |
| 110 | 1 |
| 115 | 473 |
| 117 | 388 |
| 110 | 1 |
| 123 | 198 |
| 124 | 664 |
| 125 | 481 |
| 110 | 1 |
| 126 | 529 |
| 110 | 1 |
| 129 | 625 |
| 110 | 1 |
| 139 | 533 |
| 71a | 274 |
| 110 | 1 |
| 143 | 344 |
| 110 | 1 |
| 145 | 678 |
| 149 | 404 |
| 149 | 459 |
| 151 | 522 |
| 110 | 1 |
| 152 | 570 |
| 110 | 1 |
| 86a | 93 |
| 110 | 1 |
| 88a | 552 |
| 110 | 1 |
| 164 | 530 |
| 110 | 1 |
| 168 | ⁶491 |
| 110 | 1 |
| 169 | ⁶ 76 |

The State v. Gilmore.

with the words, "And the said G., the said money in manner and form aforesaid, did then and there unlawfully and feloniously steal, take and carry away."

5. ———: INDICTMENT: SEVERAL COUNTS. Nor is an indictment objectionable because it contains two counts, where they are drawn under the same section of the statute, are designed to convict of one offense only as the evidence may disclose, and there is no repugnancy in the charges.

6. ———: MOTIONS FOR NEW TRIAL, ETC.: EXCEPTIONS. Exceptions must be saved to the action of the trial court in overruling motions for a new trial and in arrest of judgment.

7. ———: EXCEPTIONS. So, errors in the rulings on the evidence, the instructions, and as to improper remarks of the prosecuting attorney, must be called to the attention of the trial court in the motion for a new trial, or they will not be reviewed on appeal.

*Appeal from Jackson Circuit Court.*—BEN. T. HARDIN, ESQ., Special Judge.

AFFIRMED.

*Crittenden, Stiles & Gilkerson* for appellant.

(1) The record only shows that the regular judge believed himself incompetent to try the cause by reason of his knowledge of the facts involved. This was not sufficient to give the special judge jurisdiction. *Railroad v. Campbell*, 62 Mo. 585; *Smith v. Harworth*, 53 Mo. 88; 64 Pa. St. 33; 19 Hun (N. Y.) 346; *State v. Phillips*, 27 La. Ann. 663; *State v. Bulling*, 100 Mo. 87; *State v. Brownfield*, 83 Mo. 449. (2) The indictment is bad for duplicity. Both counts contain and charge two distinct offenses. The first count charges defendant with both embezzlement and larceny of $500. The second count charges defendant with taking, making away with and secreting said money with intent to embezzle the same; also with stealing or larceny of the same. (3) The court erred in its rulings on the evidence in giving and refusing instructions.

*John M. Wood,* Attorney General, for the State.

(1) There is no bill of exceptions such as the law requires filed in this case. *State v. Griffin,* 98 Mo. 672; *Morrison v. Lahew,* 17 Mo. App. 633. (2) There is no record entry showing the bill of exceptions was ever filed, or, if filed, filed within the time allowed. *Fulkerson v. Houts,* 55 Mo. 302; *Pope v. Thompson,* 66 Mo. 661; *Roester v. Bank,* 88 Mo. 565; *Dinwiddie v. Jacobs,* 82 Mo. 195. (3) Even if what purports to be the bill of exceptions in this case could be considered, there is nothing showing that exceptions were taken and saved to the court's action in overruling the motion for a new trial, and, therefore, the errors complained of cannot be considered. *State v. Harvey,* 105 Mo. 316. (4) The indictment properly charged the offense, and, on the record proper, the judgment should be affirmed.

GANTT, P. J.—The defendant was indicted by the grand jury of Jackson county, in the criminal court of said county, at the regular September term, 1890, for having, on the twenty-ninth of October, 1889, as attorney of Mrs. Eva Abbott, collected and received into his possession $500 belonging to her, and fraudulently embezzled and converted the same to his own use without her assent, and was convicted.

The indictment contained two counts. He was duly arraigned, and entered his plea of not guilty.

The cause was set down for trial on the ninth day of December, during the same term of court. On that day the following entry was made and entered of record in the said criminal court, of which Hon. HENRY B. WHITE was judge, to-wit: "Now comes the prosecuting attorney, and comes also the defendant, L. A. Gilmore, in his own proper person, and the presiding judge of the court (being incompetent, as he believes)

to try said cause, by reason of his knowledge of the facts involved, and the parties not having agreed upon a member of the bar of Jackson county to try said cause, the court orders that the members of the bar present do now proceed, under the directions of the clerk of this court, to hold an election for a special judge to try said cause; and, there being more than three (3) members of the bar of Jackson county present in court, in conformance with sections 4175 and 4177, Revised Statutes of 1889, the clerk of this court proceeds to hold an election for such special judge, and Benjamin T. Hardin, receiving a majority of the votes cast, is declared elected as such special judge. And said Benjamin T. Hardin, being present in court, comes, takes and files his oath of office as such special judge, and enters upon his duties; and thereupon, by agreement of parties, said special judge orders that the trial of this cause be set for December 17, 1890."

No objection was made *then*, or at any other time, to the propriety or legality of the order directing the election of a special judge, on account of the incompetency of Judge WHITE.

It is true we find in what purports to be a motion in arrest this ground of error assigned: "*Fifth.* Because the judge presiding at the trial was not legally authorized or legally empowered to so act and try the defendant." But this motion in arrest is not made a part of the bill of exceptions, and has no place in this record. *State v. Harvey*, 105 Mo. 316. By section 4174, the judge of a criminal court is incompetent to try a cause "when he is anywise interested or prejudiced."

By section 4177, whenever it shall be within the knowledge of the court or judge that any of the causes enumerated which disqualify him to sit in any case exists, he shall, without application on part of defendant, proceed to order an election of a special judge.

What, then, is a fair construction of the order above set forth? It is, that the judge was incompetent to try the cause, and the facts that rendered him incompetent were within his own knowledge. He was invested with authority, in certain cases, to order an election. The law imposed upon him the duty as a just man, if he was interested or prejudiced, to provide for another judge. He was the judge of a court of general criminal jurisdiction. Every reasonable presumption must be indulged to uphold his acts as such. The right to order an election for a special judge was based on his incompetency. He finds of record he is incompetent, and he finds this from his own knowledge of the facts. He had jurisdiction to order an election for a special judge. He made the order. The defendant, himself an attorney, and present in court with his counsel, made no objection to the order or the election of the special judge, and saved no exceptions. We think the words of the order susceptible of a construction, that will sustain the legality of the election of the special judge; but if they were irregular or seemingly insufficient, if defendant considered them so, he should have saved exceptions at the time. It is too late now. *State v. Anderson*, 96 Mo. 241.

II. Nor does the mere omission of the words "licensed" and "enrolled," as descriptive of the attorneys who participated in the election, render the order of the election a nullity.

The order was for the members of the bar present to hold the election. By fair intendment, this referred to the members of the bar of that court present; and, as the members of the bar are officers of the court, we will also indulge the presumption that the clerk in the performance of an official duty, with the statute before him, would not permit anyone to vote who was

not entitled to do so.  His entry on the record recites that he conformed to the requirements of sections 4175 and 4177.

III.  The indictment is not bad for duplicity.  It is not open to the objection of charging both larceny and embezzlement in the same count.  The mere conclusion in each count with the words, "and the said L. A. Gilmore, the said money, in manner and form aforesaid, did then and there unlawfully and feloniously steal, take and carry away," etc., did not make it an indictment for larceny.  This form was adopted in England when the first statutes defining embezzlement were enacted, and has ever since been followed. It is clear the pleader was charging embezzlement alone in each count.  2 Bishop on Criminal Procedure, secs. 315, 333; *Commonwealth v. Simpson*, 9 Metc. (Mass.) 138; *State v. Manley*, 107 Mo. 364; *State v. Adams*, 108 Mo. 208.

Nor was there any error in joining the two counts in one indictment.  They were drawn under the same section, and were designed to convict defendant of one offense only, accordingly as the proof might develop, and there was no repugnancy in the charges.  *State v. Manley, supra; State v. Flint*, 62 Mo. 393.

IV.  The remaining points relied on by counsel for defendant relate to errors alleged to have been committed in overruling motions in arrest and new trial, giving and refusing instructions, the omission and exclusion of evidence and certain remarks by the prosecuting attorney.

As to these, the so-called bill of exceptions does not contain the motion in arrest, nor does it make any call for it.  Neither was any exception saved to the action of the court in overruling it.  The bill does call for the motion for new trial, and under section 2304, Revised Statutes, 1889, it would be our duty to examine

it if any exception had been saved to the action of the court in overruling it, but the bill of exceptions shows none.

Motions in arrest and motions for new trial are no part of the record proper. They can only "be made so by being incorporated in a bill of exceptions, and, to entitle them to any notice or to be made available here, the action of the court must have been excepted to at the time the alleged error was committed." *Bateson v. Clark*, 37 Mo. 31; *State v. Pints*, 64 Mo. 317. It is the exception to its overruling that entitles it to a place in a bill of exceptions. And the rule in criminal cases is the same as in civil. *State v. McDonald*, 85 Mo. 539.

Excluding then as we must the motion for new trial, from consideration, it follows logically and necessarily, that all the other errors assigned in the admission or rejection of evidence, and giving and refusing instructions, and the alleged improper remarks of the prosecuting attorney must fail, because nothing is better settled than that errors of this character must be called to the attention of the trial court in a motion for a new trial, or they will not be noticed here. *State v. Noeninger*, 108 Mo. 166; *State v. Reed*, 89 Mo. 168; *State v. Mitchell*, 98 Mo. 657; *State v. Harvey*, 105 Mo. 316.

The indictment properly charged the offense, and, no error appearing in the record proper, the judgment is affirmed. All of this division concur.