## THE STATE v. TONEY FOLEY, Appellant.

**Division Two, May 18, 1909.**

1. **OBJECTIONS: How Preserved.** If a party desires the appellate court to review the action of the trial court, it is his duty to make his objections in the trial court and if they are overruled to save his exceptions to such ruling, and then to call the attention of the trial court to such alleged error in his motion for a new trial, and to save his exceptions to the overruling of his motion.

2. **INSTRUCTION: Objection: Failure to Fully Instruct: Not Sufficient.** Merely assigning in the motion for a new trial that the court failed to fully and properly instruct as to all the law of the case, is not an exception to the instructions actually given, but merely goes to the failure of the court to instruct on points not covered by the instructions given.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

Affirmed.

*C. Orrick Bishop* and *Henry M. Walsh* for appellant.

*Herbert S. Hadley*, Attorney-General, and *Frank Blake*, Assistant Attorney-General, for the State.

GANTT, P. J.—On February 13, 1907, the circuit attorney for the city of St. Louis filed an information against the defendant in the circuit court of the city of St. Louis charging him with having, on the 9th of February, 1907, at the city of St. Louis, committed an assault, with malice aforethought and with a deadly weapon, a pistol loaded with leaden balls and gunpowder, upon Patrick Stapleton, with intent then and there him the said Stapleton, feloniously, willfully, on purpose and of his malice aforethought to kill.

The defendant was duly arrested, arraigned and put upon his trial and convicted of an assault with intent to kill, without malice aforethought, and his punishment assessed at five years' imprisonment in the penitentiary. Having been sentenced on this verdict, the defendant has appealed to this court.

The evidence tended to prove that on the night of February 9, 1907, the defendant and eight or ten companions came out of a saloon at Twenty-third and Franklin avenue in the city of St. Louis about twelve o'clock, and the party were swearing and cursing, and Stapleton, a police officer, ordered them off of the corner and they moved to the opposite corner and renewed their wrangle. Stapleton again ordered them to desist and to move on. One of the crowd inquired of the officer if he intended to lick them and he replied he only desired to get them off of the street, and as he said this defendant struck him about the ear and knocked him down, and while he was down, others of the crowd kicked him. He then drew his pistol and fired twice but did not strike any of them. They ran and he pursued and caught defendant and placed him under arrest, and with his revolver in his hand started with him to the station, followed by the other members of the party. After having gone a short distance one of the defendant's companions threw his arms around the officer and pinioned him, and the others exclaimed, "Give it to him." In the scuffle the defendant got the officer's revolver and they both fell to the sidewalk. The defendant got up and ran and turned and fired directly at the officer. There was some evidence that the revolver was fired by accident, and some to the effect that the officer struck defendant with the revolver as they walked towards the station.

The court instructed the jury on assault with malice aforethought and assault to kill without malice aforethought, and the right of the officer to arrest, reasonable doubt, and presumption of innocence, and

credibility of witnesses.   Three of the court's instructions are assigned as error and will be considered in the opinion.   Other assignments will be noted.

I.   As to the accidental discharge of the pistol, the court in its fourth instruction told the jury, "If you find and believe from the evidence that the pistol mentioned in the evidence became accidentally dis- charged while the prosecuting witness and defendant Foley were scuffling and that defendant did not shoot at the prosecuting witness. Stapleton, then you will return a verdict of not guilty."

This fully covered defendant's testimony on this point and defendant has no ground of complaint that this defense was not fully presented to the jury.   There was not a scintilla of evidence tending to prove that the shooting was done in self-defense.

II.   The objection to the fifth instruction is equally groundless.   It was a plain, simple statement of the right and duty of the officer to arrest for a breach of the peace and was based upon the testimony in the case.

III.   A motion for rehearing was duly filed in this cause and briefs in support of and in opposition thereto.   The motion is chiefly aimed at the approval by this court of instruction numbered 6 given by the circuit court.   When the opinion was written in this case our attention was not called, as it is now, by the Attorney-General, to the fact that the motion for a new trial had not properly preserved the error, if any, in the giving of this instruction.   The only reference to the action of the circuit court in regard to giving or refusing instructions is found in the seventh assign- ment of the motion for new trial, in these words: "The court failed to fully and properly instruct the jury as to all the law in the case."

It is settled law in this State that if a party desires the appellate court to review the action of the circuit court, it is his duty to make his objections in the trial court, and if overruled save his exceptions thereto, and then call the attention of the circuit or trial court to such alleged error in his or its motion for a new trial, and save his exceptions to the overruling of his motion. [Ross v. Railroad, 141 Mo. 1. c. 395; State v. Gilmore, 110 Mo. 1.] Again, it has been repeatedly ruled that merely assigning, as this motion for new trial does, that the court failed to fully and properly instruct the jury as to all the law of the case, was not an exception to the instructions which the court did give, but merely went to the failure to instruct on points not covered by the instructions given. [State v. King, 194 Mo. 1. c. 482; State v. Espenschied, 212 Mo. 1. c. 222; State v. Long, 209 Mo. 366.]

The result is that this court inadvertently considered the sufficiency of said instruction numbered 6, which defendant now insists was erroneous. Our attention having now been called to the fact that the error, if any, in giving this instruction was not called to the attention of the circuit court, our opinion is modified, by withdrawing the third paragraph of our opinion as originally handed down and by declining to approve or disapprove the same, and by covering said point in the last paragraph hereof as follows: "As to the points now urged for new trial, to-wit, error in giving the sixth instruction, newly-discovered evidence and improper remarks by the circuit attorney, it need only be said, no such grounds are assigned in the motion for new trial and hence cannot be considered on this appeal."

With this correction and modification the rehearing will be and is denied, and the judgment of the circuit court is affirmed.

*Burgess* and *Fox, JJ.*, concur.