CHARLES CARROLL, Chief Judge.
The appellant was informed against, tried before a jury, and convicted of embezzlement, under § 812.10 Fla.Stat., F.S.A., entitled “Embezzlement by state, county or municipal officers”. Taking this appeal therefrom appellant contends the trial court erred (1) in denying his motion for acquittal made at the close of the state’s case and at the close of the evidence, and (2) in refusing to charge the jury that retention of property in good faith without secrecy or concealment, under a bona fide claim of right based on reasonable grounds, is inconsistent with a fraudulent intent to embezzle.
The state contends, and we agree, that the court correctly refused that requested charge to the jury. See Crosby v. State, 90 Fla. 381, 106 So. 741, 745, where the Supreme Court said:
“Section 5152, Revised General Statutes 1920 [§ 812.10 Fla.Stat., F.S.A.], upon which the indictment is based, provides:
‘Any state, county or municipal officer who shall:
T. Convert to his own use, or who shall
‘2. Secrete with intent to convert to his own use, or who shall
‘3. Withhold with the intent to convert to his own use * * * any money, property or effects of another, the duty of which officer requires him to receive said money, property or other effects, shall in every such act be deemed guilty of an embezzlement * ‡ 5}C t
“The Legislature has the undoubted right, within constitutional limits, to declare an act criminal, irrespective of the motive with which the act was done. * * * The statute creating the offense upon which the indictment is based nowhere requires that the withholding or conversion shall be either with ‘fraudulent,’ ‘felonious,’ ‘wrongful,’ or ‘corrupt’ intent as stated in the requested charge. The gist of the offense, as defined by the statute, is the receipt by the officer, in his official capacity, of money or other property belonging to another, and the withholding or conversion thereof, to his own use, or the secreting thereof with intent to so convert the same, The refusal of the trial court to charge the jury that, before they could find the defendant guilty, the evidence must establish on the part of the defendant some ‘felonious, fraudulent, wrongful, or corrupt’ intent to convert, was therefore not error. State v. Adams, 108 Mo. 208, 18 S.W. 1000.”
We hold, however, that appellant’s first contention is meritorious, in that the evidence was insufficient to establish an embezzlement under the statute.
In the information it was alleged:
“ * * * [Tjhat Clinton B. Johnson on the 10th day of August, 1966, in the County and State aforesaid, being then and there the duly-elected Mayor and Councilman of the Town of Medley, a municipal corporation under the Laws of the State of Florida, and in his said official capacity having duties requiring him to receive public money, property or effects of the said Town of Medley, the said Clinton B. Johnson, as Mayor and Councilman of the Town of Medley aforesaid, having heretofore received certain personal property belonging to the said Town of Medley, to-wit: One (1) 1965 Cadillac Automobile, Serial Number M-514-7882, which property the said Clinton B. Johnson did on the 10th day of August, 1966, convert to his own use by executing for and on behalf of the said Town of Medley a certain Transfer of Equity Security Agreement, numbered 1401 *79 37198, by means of whereof the said Clinton B. Johnson did transfer the equity interest of the said Town of Medley in said 1965 Cadillac Automobile to himself, Clinton B. Johnson, and to his wife Hazel B. Johnson, not in the official capacity of then, the said Clinton B. Johnson and Hazel B. Johnson; the Defendant, Clinton B. Johnson, doing the matters and things aforesaid without the authority of the Town of Medley and with intent to convert said property to his own use or to the use of another than the true owner thereof, being in violation of 812.10 Florida Statutes.”
As stated in Crosby v. State, supra, the gist of the offense defined by the statute is “receipt by the officer, in his official capacity, of money or other property belonging to another, and the withholding or conversion thereof, to his own use, or the secreting thereof with intent to so convert the same.”
The evidence presented in this case did not show such an offense. It was disclosed that the Town of Medley owned a 1965 Cadillac automobile subject to a retain title contract; that the car was used for town business by the appellant, who was the mayor; that in August of 1966, when a default had been made in payment, the company sent an agent out to repossess the car; that the mayor contacted the finance company by telephone, with the result that upon the mayor giving the agent his personal check for $500 the finance company agreed to hold the matter in abeyance until it could be considered the following Monday at a regular meeting of the town council; that at such meeting the council decided to forfeit its equity in the car rather than continue to pay on the balance owed which amounted to approximately $3,800, and directed the mayor to “turn over” the car to the finance company; that consistent with the business policy of the finance company, as shown in the record, either to repossess a car in such circumstance or to have the owner transfer it to another person who would make up the defaulted amounts with the accrued penalties and assume the unpaid balance, the finance company agreed with the mayor to accept payment from him to cure the default, upon the mayor transferring the car from the town to himself and his wife, and upon the mayor assuming the balance of payments due; that the mayor then openly possessed and used the car and made no effort to conceal the transaction which had taken place.
On those facts the mayor, as the defendant below, was entitled to a directed verdict of acquittal. Here the mayor did not receive property of the town in his official capacity, and then convert the town’s property. The council had decided that the town should divest itself of the car, and the mayor had been so instructed. Had the mayor turned the car back to the finance company, and then reacquired it on an arrangement to pay out the balance due the company, as a third person might have done, such action would not have been open to objection. Here the appellant acquired the car from the finance company, but did so by means of a short cut by transfer of the car directly to himself and his wife rather than to the company first and then by its resale or retransfer of the car to him. In the main, the appellant accomplished what the council desired, that is, that the car should be turned back and the town be relieved of further obligation thereon.
Accordingly, the judgment appealed from is reversed, and the cause is remanded with direction that the appellant-defendant be discharged.
Reversed.