THE STATE v. BURNETT, *Appellant.*

1. **Pleading, Criminal**: INDICTMENT. A description of money in an indictment for robbery, which describes it as "$500 of the lawful money of the United States of the value of $500," is, under the statute, (R. S. 1879, § 1817,) sufficient.

2. ———: ———: CLERICAL MISTAKE. It is a mere clerical mistake for an indictment found in May, 1883, to allege that the robbery charged therein was committed in December, 1883. The mistake is cured by the statute, (R. S. 1879, § 1821,) and should be disregarded.

3.  **Practice, Criminal:** OBJECTION TO EVIDENCE: EXCEPTIONS. Objection should be made and exceptions saved to the introduction of improper evidence at the time of its admission. It is too late to do so for the first time in the motion for new trial.

4.  **Practice in Supreme Court:** INSTRUCTIONS. Where it is not alleged in the motion for new trial that the trial court misdirected the jury, the Supreme Court will not review the instructions.

5.  **Remarks** of the prosecuting attorney in this case held not to be error.

*Appeal from Vernon Circuit Court.*—HON. C. G. BURTON, Judge.

AFFIRMED.

*Scott & Hoss* for appellant.

The court erred in admitting evidence of other offenses committed by defendant. The judgment should also be reversed on account of improper remarks made by the prosecuting attorney.

*D. H. McIntyre*, Attorney General, for the State.

The money was sufficiently described as "$500 of the lawful money of the United States of the value of $500." R. S. 1879, § 1817; *State v. Moore*, 66 Mo. 372. The fact that the offense was alleged to have been committed in December, 1883, while the indictment was found in May, 1883, constitutes only a clerical error, of no importance under the statute. R. S. 1879, § 1821. The entire testimony was admitted without objection or exception, and it was too late to make any point upon it in the motion for new trial. *State v. Williams*, 77 Mo. 310. It was not alleged in the motion for new trial that the court misdirected the jury, and this court will not review the instructions. *State v. Preston*, 77 Mo. 294. The remarks of the prosecuting attorney do not constitute error. *State v. Emory*, 79 Mo. 461.

SHERWOOD, J.—The defendant, at the May term, 1883,

of the Vernon circuit court, was indicted, and on trial had, was convicted of robbery in the first degree, and sentenced to imprisonment in the penitentiary for the term of twelve years.

I. We find no objection to the indictment. It describes the money as "$500 of the lawful money of the United States, of the value of $500." Section 1817, Revised Statutes 1879, provides, that: "In every indictment in which it shall be necessary to make any averment as to any money or any note, being or purporting to be made or issued by any bank incorporated by law, or made or issued by virtue of any law of' the United States, it shall be sufficient to describe such money or note simply as money, without specifying any particular coin or note, etc." *State v. Moore*, 66 Mo. 372. And there is no valid ground of objection in that the indictment was found in May, 1883, but alleges the robbery was perpetrated in December, 1883. This was evidently a mere clerical error, and should be disregarded. Under the provisions of section 1821, Revised Statute 1879, it constitutes no objection to an indictment, because of its "stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or information, or on an impossible day, or on a day that never happened." For these reasons, the motion in arrest was properly denied.

II. Evidence as to other offenses was improperly admitted, but no objection was made or exception saved at the time of its admission, and under the ruling in *State v. Williams*, 77 Mo. 310, it was too late to raise either objection or exception, in regard to the improper evidence, for the first time on the motion for a new trial.

III. The instructions given by the court, fully covered the law of the case; and, aside from that, the motion for a new trial contained no statement that the court had misdirected the jury. *State v. Preston*, 77 Mo. 294, and cases cited.

IV. The remarks of the prosecuting attorney, claimed

to have been improperly made, are disposed of by reference to the case of *State v. Emory*, 79 Mo. 461.

Judgment affirmed.    All concur.