The State v. Reed.

## THE STATE v. REED, *Appellant.*

1. **Criminal Law**: LARCENY: EVIDENCE. Where, on trial for the larceny of a horse, there is evidence that the tracks in the dust show that the person who led the horse from the stable wore a number six boot or shoe, the testimony of a merchant that, to his best recollection, he had sold the defendant number six boots and shoes, is competent as tending to identify the defendant as the person who took the horse from the stable.

2. **Practice**: EVIDENCE: CONTRADICTORY STATEMENTS: REBUTTAL. In order to impeach a witness by showing that he has made contradictory statements elsewhere, a foundation must first be laid by calling his attention to the time, place and person involved in such contradictory statement that he may recollect and explain what was said, and he may be recalled for that purpose, and for a like purpose he may be recalled by way of rebuttal.

3. ———: INSTRUCTIONS: OBJECTIONS: EXCEPTIONS. Where no objections are made and exceptions saved, at the time, to the giving of instructions, and the attention of the trial court is, for the first time, called to the matter in the motion for new trial, the appellate court will not review such instructions; and the practice is the same in criminal as in civil cases.

4. **Practice, Criminal**: JUROR, QUALIFICATION OF. One who has formed and expressed an opinion against a defendant in a criminal cause, from mere rumor, and who is without prejudice or bias against him, is not thereby rendered incompetent to sit as a juror in the trial of the cause.

*Appeal from Cass Circuit Court.*—Hon. Noah M. Givan, Judge.

AFFIRMED.

*Wooldridge & Daniel* for appellant.

The motion to set aside the verdict should have been sustained. The juror, W. B. Reed, was incompetent. The defendant was entitled to an impartial jury. Const. Bill of Rights, sec. 22; R. S., sec. 1897; *State v. Burn-*

*side*, 37 Mo. 343, 347; *State v. Wyatt*, 50 Mo. 309; *State v. Taylor*, 64 Mo. 358, 361; *State v. Busick*, 19 Ohio, 198; *State v. Brown*, 15 Kansas, 400; *Baldwin v. State*, 12 Mo. 224; *State v. Davis*, 29 Mo. 392; *State v. Rose*, 32 Mo. 346; *State v. Core*, 70 Mo. 491; *State v. Barton*, 71 Mo. 288; *State v. Greenwade*, 72 Mo. 598; *State v. Walton*, 74 Mo. 270; *State v. Hayes,* 78 Mo. 307. A previously formed and delivered opinion as to the guilt or innocence of the prisoner, renders a juror incompetent, unless it shall appear, first, that such opinion is founded only on rumor and newspaper report; and, second, that it is not such as to prejudice or bias the mind of the juror.

*A. Comingo* also for appellant.

(1) The testimony of the witness, McDaniel, was incompetent. It was too indefinite. The testimony of S. R. Williamson was incompetent for the same reason. The same must be said of the testimony of Charles Core. *Ready v. Stumboal*, 20 Mo. 265; *Anderson v. Railroad*, 54 N. Y. 54; *Bedden v. Nicolay*, 4 E. D. Smith, 17; *Thompson v. Wilson*, 34 Ind. 97; *Morgan v. State*, 31 Ind. 193; *Richardson v. Noyes*, 44 Wis. 612; *State Bank v. Dutton*, 11 Wis. 374; *Mussey v. Mussey*, 68 Maine, 350. (2) The first instruction is erroneous in that it assumes that Fredericks stole the horse. (3) Reed was not a competent juror.

*B. G. Boone*, Attorney General, *H. L. Jarrott*, Prosecuting Attorney, and *Railey & Burney* for the state.

(1) The testimony of McDaniel was clearly competent as well as material. (2) Instead of the verdict being against the law and the evidence, it is apparent that any other verdict would have been incorrect. (3) No objections were made by defendant, during the trial, to

the giving of instructions, and it is too late to raise objections here. *State v. Williams*, 77 Mo. 314; *State v. Burnett*, 81 Mo. 121. But the instructions were proper. *State v. Fredericks*, 85 Mo. 145. (4) W. B. Reed was a competent juror, and his affidavit was competent evidence in support of the verdict. *State v. Fox*, 79 Mo. 112; *State v. Underwood*, 57 Mo. 40.

BLACK, J.—Reed, the appellant, and Fredericks were jointly indicted for stealing a horse, the property of Gentry. Upon a trial in the Cass circuit court appellant was found guilty and sentenced to two years imprisonment in the penitentiary.

1. The evidence of McDaniel, a merchant, to the effect that he had sold Reed boots and shoes, and that the latter wore a number six, was properly received; other evidence that the tracks in the dust showed that the person who led the horse from the stable wore a boot or shoe of that size made the evidence of McDaniel relevant. While the merchant was not positive and could only speak from his best recollections, still the evidence was competent. It had some tendency to identify the defendant as the person who took the horse from the stable. *State v. Babb*, 76 Mo. 501. It was for the jurors to determine its value and consider it with the other evidence. Quaite, a witness for the state was asked, on cross-examination, if he had not on a former occasion and at a specified time and place made statements, giving them in full, contradictory of his evidence on the witness stand, and he said he had not. The defendant called witnesses who testified that Quaite had made the alleged contradictory statements. The state, by way of rebuttal, recalled Quaite and he was allowed, over the objections of the defendant, to give his version of what was said by him. The purpose of the cross-examination of the witness was to lay a foundation to impeach his credit. In all such cases the attention of

the witness, as was done here, must be called to the time, place and person involved in the contradictory statement. The object of this rule is that the witness may recollect and explain what was said, and for the purpose of making such explanation he may be recalled. 1 Greenl. Evid., sec. 462. And for a like purpose he may be recalled by way of rebuttal. *State v. Winkley*, 14 N. H. 490.

2. The court gave five instructions which cover every issue presented by the pleadings and the evidence. The defendant asked no other or additional instructions, and made no objection to those which were given on the trial, and for the first time, complained of them in the motion for new trial. The question is, therefore, presented whether these instructions ought to be reviewed here. The rule is well settled in civil cases that exceptions must be saved to the ruling of the court at the time the ruling complained of is made, and that it is not sufficient to make the objection for the first time in a motion for new trial. This rule applies to instructions as well as any other matter of exception. *Randolph v. Alsey*, 8 Mo. 656; *Dozier v. Jerman*, 30 Mo. 216; *Houston v. Lane*, 39 Mo. 495; *Waller v. Railroad*, 83 Mo. 608. It has also repeatedly been held that the same rules apply in criminal as in civil cases, as to matters of exceptions, which become a part of the record only by bill of exceptions. *State v. Connell*, 49 Mo. 282; *State v. Marshall*, 36 Mo. 400; *State v. Sweeny*, 68 Mo. 96; *State v. Ward*, 74 Mo. 256; *State v. Williams*, 77 Mo. 310; *State v. Burnett*, 81 Mo. 121. In criminal cases in this court, no assignment of errors, or joinder in error, is required and it is made the duty of this court to proceed "and render judgment upon the record." Sec. 1993, R. S. But this section has nothing to do with the method of preserving questions in the record. Other sections of the Revised Statutes, 1879, provide that the practice in civil cases shall apply in criminal cases as to empanelling jurors

(sec. 1906), and compelling the attendance of witnesses, (sec. 1907). In prescribing the order of trials in criminal cases, section 1908 provides: "Fourth the court must instruct the jury, in writing, upon all questions of law arising in the case, which are necessary for their information in giving their verdict;" and section 1921 is as follows: "On the trial of any indictment, etc., for a criminal offence, exceptions to any decision of the court may be made in the same cases and manner provided by law in all civil cases; and bills of exceptions shall be settled, signed, sealed and filed as now allowed by law in civil actions," etc. It is manifest the fourth paragraph of section 1908, though appearing in the statutes for the first time in 1879, leaves section 1921 in full force. This section has been the statute law for many years.

Now, in the application of the general rules before stated and with these statutes in full force, it has been ruled that instructions are not before this court for consideration where the motion for new trial is not incorporated in full in the bill of exceptions, though the instructions are contained therein. *State v. Dunn,* 73 Mo. 586 ; *State v. McCray,* 74 Mo. 303. So it was said in *State v. Preston,* 77 Mo. 294: "It is also insisted that the court erred in giving instructions. This objection cannot be considered by us, for the reason, that it is not alleged in the motion for new trial that the court misdirected the jury." The same ruling was made in *State v. Emory,* 79 Mo. 461, and in the case of *State v. Bayne,* 88 Mo. 604, it was held that two instructions, asked by the defendant and refused, would not be considered because exceptions were not taken at the time to the ruling of the court. It must follow that the instructions given in this case cannot be reviewed.

III. A ground assigned for a new trial is that a juror, W. B. Reed, had previously formed and expressed the opinion that defendant was guilty of the

The State v. Reed.

charge made in the indictment. The affidavit of Mr. Wooldridge is that in a conversation with the juror just before the trial the juror said : "From what he knew and had heard he had both formed and expressed an opinion, and from his then knowledge and information he believed the defendant was guilty and that he would be in favor of sending him up for ten years." The juror in his affidavit says he did have a conversation with Mr. Wooldridge at the depot, but he did not use the language attributed to him ; that he said : "From what I have heard, I do not believe I can be one of the jurors, because if the evidence should turn out like I heard it was, I think he ought to be sent up for ten years." He also states that he had never talked with any witness about the case ; that he had conversed with no one about the facts except his wife and Wooldridge ; that his wife told him what she had heard from another lady, and that it was the information thus received from his wife to which he had reference in the conversation with Wooldridge. The juror was accepted as a competent juror without objection on the part of the defendant, after an examination in open court, and with full knowledge on the part of the defendant's attorneys, as to what had been said between the juror and Mr. Wooldridge. The juror's affidavit is full, clear and bears evidence of candor. We conclude with the trial court that all the information the juror had, he received from mere rumor, and that he was without prejudice or bias.

The judgment is, therefore, affirmed. All the judges concur, except Henry, C. J., who dissents as to so much of the foregoing opinion as holds that the instructions cannot be reviewed for failure to make objection and save exceptions thereto at the time they were given.