THE STATE v. MITCHELL, *Appellant.*

1.   **Practice:** RULING OF COURT, ERRONEOUS REASON FOR. A correct ruling is not vitiated by reason of any erroneous views of the court in making it.

2.   **Practice, Criminal:** CONTINUANCE. The denial of an insufficient application for continuance because of the alleged absence of a material witness is not error, although based upon the erroneous ground that the prosecuting attorney had consented that the statements made in the affidavit in support of the application might be read as the testimony of the absent witness.

3.   ——: ——. An application for a continuance because of the alleged absence of a material witness is not sufficient, where the affidavit in support of it does not state the name of the witness, nor show satisfactory diligence in trying to procure his attendance, and fails to show that the facts to which he was expected to testify were relevant to any defense contemplated by the defendant.

4. ———: ERROR NOT PREJUDICIAL TO DEFENDANT. No criminal proceedings shall be, in any manner, invalidated or affected for any error committed at the instance or in favor of a defendant. (R. S. 1879, sec. 1821.) A defendant will not be heard to complain of the refusal of an instruction asked by him, where one given by the court upon the same point was more favorable to him than the one refused.

5. ———: INSTRUCTION. An instruction on a trial for murder, which declares that " murder in the second degree embraces all cases of murder at common law in which there was *no specific intent to kill,* but in which the law presumes an intent to kill, and which are not made manslaughter or murder in the first degree by statute," is an abstract statement of the law and should not be given.

6. ———: ———. Instructions should not submit legal questions to the triers of fact.

7. Practice: MOTION FOR NEW TRIAL. The appellate court will not consider rulings of the trial court upon the evidence, where the motion for new trial fails to assign them as error.

*Appeal from Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

DEFENDANT was indicted September 14, 1888, for murder in the first degree, and, after arraignment and plea of " not guilty," was tried and convicted.

The homicide grew out of a dispute between deceased and defendant regarding an order for some wine. The former was a waiter at a variety theater, where the difficulty took place. The particulars of the sad tragedy need not be detailed in view of the questions presented on this appeal. Defendant, as a witness, admitted firing the fatal shot, claiming that he did not intend to kill, but merely to frighten the waiter.

That there was abundant evidence to support the verdict is not questioned.

When the cause was called, October 22, 1888, defendant moved for a continuance on the grounds stated in the following affidavit:

"The State of Missouri,  ⎱
                         ⎰ ss.
"County of Jackson,

"Wm. G. Mitchell makes oath and says he cannot, with safety, proceed to trial without the testimony of a certain physician whose name and residence are to said Mitchell at present unknown ; that said physician was, when last seen by affiant, living in Clay Center, Kansas ; that said affiant expects and has reason to believe that he can obtain the name, residence and testimony of said physician on or before the seventeenth day of December, A. D. 1888 ; that he expects to be able to prove by said physician that at the age of fifteen years, he, the said Mitchell, met with a serious accident, to-wit : Was thrown violently from the back of a horse, causing a serious injury to the brain of said affiant, resulting in periodical mental derangement of said affiant, rendering him, at times of said mental derangements, morally irresponsible ; that affiant believes the above statements to be true ; that he cannot as well and as readily prove said facts by any other witness ; that said witness is not absent by any connivance, consent or procurement of the said affiant ; that the said affiant has written letters of inquiry to those whom he has reason to believe knew the address of said physician ; that affiant has made diligent and earnest inquiry for address of said physician, but as yet is unable to obtain the same ; that this affidavit for continuance is not made for vexation or delay merely, but to obtain substantial justice on trial of the cause."

The record shows that this application for a continuance was overruled by the court, the prosecuting attorney admitting that, if the absent witness were present, he would testify as set out in the affidavit. The statement of evidence it contained was not offered by defendant at the trial.

At the close of the testimony the court gave a number of instructions, but refused two requested by defendant.   They are set forth in the opinion.

The jury found defendant guilty of murder in the first degree.

His motion for a new trial assigned but two errors, the denial of the continuance and the refusal of the instructions he asked.

*Scofield & Wagner* for appellant.

(1)   The court, having recognized the validity and sufficiency of the defendant's application and affidavit for a continuance by allowing the prosecuting attorney to elect, erred in overruling said motion for continuance.   *State v. Berkley*, 92 Mo. 41; *State v. Neiderer*, 94 Mo. 79; *State v. Warden*, 94 Mo. 648; *State v. Dyke*, 96 Mo. 298.   (2)   The defendant, having testified that he did not shoot with intent to take life, the court erred in not giving instructions asked for on his behalf. *State v. Banks*, 73 Mo. 592; *State v. O' Hara*, 92 Mo. 59; *State v. Tate*, 12 Mo. App. 327; *State v. Murphy*, 14 Mo. App. 73; *State v. Wilson*, 85 Mo. 134.   (3)   The court, having of its own motion given instructions to the jury, erred in not giving full, complete and proper instructions, covering the whole law arising on the facts.   *State v. Banks*, 73 Mo. 592; *State v. Wilson*, 85 Mo. 134; *Couley v. State*, 12 Mo. 462; *State v. Tate*, 12 Mo. App. 327.   (4)   The court erred in admitting hearsay evidence.   2 Whart. Crim. Law [4 Ed.] sec. 622; Reynold on Ev. [1 Ed.] sec. 16; 2 Best on Evidence [Morgan's Edition] secs. 493, 494; 1 Phillips on Ev. [5 Am. Ed.] pp. 169, 211; 1 Greenleaf on Ev. [13 Ed.] sec. 98.

*John M. Wood*, Attorney General, for the State.

(1)   There was no error in overruling defendant's application for a continuance.   The record does not

show that the application was sworn to. What purports to be the affidavit accompanying the motion for a continuance does not give the name of the absent witness ; nor does it show the materiality of the evidence expected to be obtained, nor that due diligence has been used to obtain it. It does not show when the inquiries for the address of such witness were made, or when the letters in regard thereto were written, or to whom or to what place or places they were addressed. As the application did not comply with section 1884, Revised Statutes, 1879, and should have been overruled, the agreement of the prosecuting attorney that the facts stated in the application should be read as the testimony of such absent witness cannot be assigned as error. *State v. Berkley*, 92 Mo. 41 ; *State v. Neiderer*, 94 Mo. 79; *State v. Jennings*, 81 Mo. 185; *State v. Hickman*, 75 Mo. 418. (2) It is not alleged in the motion for a new trial that the court misdirected the jury or committed any error in the admission or exclusion of evidence, and this court cannot review either the instructions or the evidence. *State v. Reed*, 89 Mo. 168; *State v. Burk*, 89 Mo. 635; *State v. Emory*, 79 Mo. 461 ; *State v. Preston*, 77 Mo. 294; *State v. Burnett*, 81 Mo. 119; *State v. Mann*, 83 Mo. 589 ; *State v. Degonia*, 69 Mo. 490 ; *Matlock v. Williams*, 59 Mo. 105. (3) It needs not the citation of authorities to show that the two instructions asked for by the defendant were erroneous. They were but abstract propositions, would not have served to enlighten the jury, and would have been misleading had they been given. Besides, they were embraced within instructions given by the court of its own motion, which were more favorable to defendant than those asked by him.

BARCLAY, J.—If the action of the court, overruling defendant's application for continuance, was proper, it is immaterial whether the reasons that

induced the making of that order were sound or not. A correct ruling is not vitiated by reason of any erroneous views of the court in making it. The consent of the prosecuting attorney, in the present case, that the defendant might read the statement in the affidavit in lieu of the testimony of the absent witness, could not make the application better than it was without such admission.

The affidavit did not state the name of the witness or satisfactorily show ordinary diligence to obtain it. The evidence, to secure which delay was asked, could have no relevancy to any defense except insanity, and the application did not show that that defense was contemplated. In this regard it nearly resembles the application in *State v. Pagels*, 92 Mo. 300, which this court held insufficient. In that case, too, the transcript shows the same admission ( under section 1886, Revised Statutes, 1879 ) by the prosecuting attorney as appears in this record.

This case and that last cited are, therefore, clearly distinguishable from those in which this court has ruled the denial of a continuance to be error. Those decisions, should be read in the light of the fact that the applications therein were held sufficient in law to require the postponement asked.

In the case before us the application was wholly insufficient. No error was committed in denying it.

II. The instructions given by the court presented the law touching murder in the first and second degrees so fully that no objection was made in the motion for new trial to their correctness or completeness. The only complaint respecting the instructions is of the refusal of two, asked by defendant.

The first of these told the jury that "where the intent was not to take life, but only to do great bodily harm, it is murder in the second degree if death results."

On this point the instruction given by the court was as follows: "7. According to the evidence, as adduced in this case, if you fail to find that the defendant intended to kill the deceased at the time he shot at him and wounded him, you will find him, the defendant, not guilty."

This was certainly more favorable to defendant than his own refused request. If there was error in the court's statement of the law, it was in favor of, not against the defendant. His counsel have made a very ingenious argument, endeavoring to show that the effect of such action by the court was to leave the accused in worse position than if the instruction had presented the law less favorably for him than it did. This argument, however, is met by the plain terms of the statute to the effect that no criminal proceedings shall be, in any manner, invalidated or affected "for any error committed at the instance, or in favor of the defendant." (R. S. 1879, sec. 1821.)

III. The second of defendant's refused instructions is a copy of part of the syllabus in *State v. O'Hara*, 92 Mo. 59. It declares that "murder in the second degree embraces all cases of murder at common law in which there was no specific intent to kill but in which the law presumes an intent to kill and which are not made manslaughter or murder in the first degree by statute."

It is clear that such an abstract statement of the law should not be given as an instruction. What was murder at common law and what cases were manslaughter by statute could not properly be thus left to the jury. Instructions should not submit legal questions to the triers of fact. Such a declaration of law as that under review would befog, not enlighten the jury. The court correctly refused it.

IV. Some question has been made, in the able brief for appellant, regarding the admissibility of certain testimony given in the trial court. But as the motion for

new trial does not assign any rulings on evidence as error, we cannot properly consider them here.

V. We have not been able to discover, nor has there been called to our notice any insufficiency or error in the indictment or in any of the proceedings in the cause.

The defendant appears to have been fairly tried. It is our duty to affirm the judgment. It is accordingly done, SHERWOOD and BLACK, JJ., concurring in this opinion. BRACE, J., dissents in regard to the ruling on the application for continuance and concurs on the other points. RAY, C. J., absent.