## THE STATE v. NOENINGER *et al.*, *Appellants.*

### DIVISION TWO.

1. **Practice, Criminal:** INSTRUCTIONS. Instructions must all be read and considered together, and when, if so considered, they properly declare the law and are not misleading, they are not objectionable.

2. ———: ———: FELONIOUS ASSAULT: SELF-DEFENSE. Instructions upon the law of self-defense, aiding and abetting and felonious assault *held* not misleading.

3. ———: ———: DEFENDANT AS WITNESS. It is proper in a criminal prosecution to instruct that, "while the defendant is a competent witness in his own behalf, yet in determining the credibility of his testimony the jury may take into consideration his interest in the result of the suit."

4. ———: PRINCIPAL AND ACCESSORY. One indicted as an accessory in a felonious assault may be convicted as a principal, and where the instructions properly authorized his conviction on the theory that he advised, procured or incited the assault, it was not error to refuse an instruction that he could not be convicted, unless there was a common purpose between himself and codefendant to commit the crime.

5. ———: FELONIOUS ASSAULT: INSTRUCTION. Where a defendant, charged with a felonious assault, testified that he aimed to shoot over the head of the party assaulted, it was not error to refuse to instruct at his request that he should be acquitted if the shot was so fired, where the jury were instructed that they could convict if the shot was fired intentionally and in malice, and must acquit if they had a reasonable doubt of defendant's guilt.

6. ———: INSTRUCTIONS. Where a defendant asks no instruction upon a given point and does not assign the failure of the court to instruct on it as a reason why a new trial should have been granted, it is too late to raise the objection in the appellate court.

7. ———: FELONIOUS ASSAULT: EVIDENCE. On a trial for felonious assault, evidence that the party assaulted had a knife in his hand five minutes after the assault. and after he had left the room in which the assault was made, is not admissible.

8. ———: ———: ———. Evidence of what the assaulted party said at that time was not a part of the *res gestœ*, and was not admissible.

The State v. Noeninger.

*Appeal from Cape Girardeau Circuit Court.*—Hon.
H. C. O'Bryan, Judge.

Affirmed.

*Wilson Cramer* for appellants.

( 1 ) It was competent for defendants to show, as
they offered to do, that immediately after the shooting
the prosecuting witness Walls had a knife in his hand,
and that he then made statements concerning what had
just transpired inside of the house. ( 2 ) The third
instruction for the state is clearly erroneous, at least as
to the defendant, Hermann Noeninger. According to its
direction he is to be convicted if the jury "believe that
the shot was fired at Walls as a means of ejecting Walls
from the house of Noeninger, and not in the necessary
defense of their persons from the infliction of great
bodily harm then impending at the hands of Walls"
without regard to any knowledge on his part of his
son's intention to shoot, and though he did not direct,
command or procure the shooting to be done. ( 3 )
The fourth instruction on behalf of the state is a direct
challenge by the court of the truthfulness of defendants.
"While defendants are competent witnesses in their
own behalf, yet, in determining the credibility of their
testimony, the jury may take into consideration," etc.
( 4 ) The court erred in not instructing the jury on the
facts shown by the evidence of the defendant, Robert
Noeninger, who says he did not shoot at Walls, but
fired over his head to frighten him. ( 5 ) Defendant,
Hermann Noeninger, was entitled to the instruction
asked by him, and the court erred in refusing to give it.
*State v. Cox,* 65 Mo. 29; *State v. Hickman,* 95 Mo. 322;
Whar. Crim. Ev. [ 8 Ed.] sec. 440.

*John M. Wood,* Attorney General, for the State.

( 1 ) No exceptions were saved to the admission of
evidence on the part of the state, and the only excep-
tion to the rejection of evidence offered by defendant

was as to what was done and said by Walls outside of the saloon after the difficulty was over, and also as to whether or not he had the knife in his hand. This testimony was properly rejected, as it was no part of the *res gestæ*. *State v. Brown*, 64 Mo. 367. (2) The instructions given in this case on the part of the state and for the defendant properly declared the law on all of the issues in the cause, and no error was committed in refusing the other instructions asked by defendant. (3) The bill of exceptions must be excluded from consideration. "After the extended time has expired the court cannot properly make a further order of extension." Nor had it any authority to permit the bill to be filed as on a prior date, with or without the consent of the opposing counsel. *State v. Hill*, 98 Mo. 570. (4) The indictment properly charges the offense, and the judgment should be affirmed.

THOMAS, J.—Defendants, who are father and son, were indicted at the August term, 1887, of the circuit court of Cape Girardeau county, under section 1262, Revised Statutes, 1879, for a felonious assault with a pistol on one William Walls, the son Robert being charged as principal, and Hermann, the father, with being present, aiding and abetting his son in the commission of the offense. The defendants were convicted and each sentenced to pay a fine of $100, and the case is before us on appeal.

Hermann Noeninger was the owner of a saloon, and his son Robert was his bar-keeper. On the evening of August 7, 1887, the prosecuting witness, Wm. Walls, and several others went into the saloon and were drinking when an altercation arose between Walls and defendant, Hermann Noeninger, who thereupon ordered Walls to leave the house, which he did not do. The evidence on the part of the state tends to prove that defendant Robert at the time of the altercation was behind the bar, while his father and Walls were in the room outside of the bar. A few words passed between

Walls and Hermann Noeninger, when the latter called to his son to shoot Walls, whereupon Robert got a pistol and fired at Walls but missed him and then snapped the pistol two or three times. Walls went out immediately after the firing of the pistol. Walls testified that he had no knife or weapon in his hand at the time and was making no demonstration to fight.

Defendants' version of this affair is that Walls and others were making a great deal of noise in the saloon and that defendant, Hermann Noeninger, requested them several times to keep quiet, and finally told them if they did not do so they would have to get out; that Walls, who seemed to be the leader, refused to go, and became defiant, and with an open knife in his hand stepped towards defendant, Hermann Noeninger, who was backing away from him towards the open end of the counter; that as he was retreating from Walls he called to his son, who was behind the bar, to hand him the revolver, but that the son, instead of so doing, picked up the revolver and fired over Walls' head, the ball entering the west wall of the room about nine feet from the floor.

The court in its instructions defined the offense with which defendants were charged and told the jury what facts it was necessary to find in order to convict them under sections 1262 and 1263, Revised Statutes, 1879, and authorized an acquittal on the ground of self-defense.

I. The third instruction given by the court in substance told the jury that while defendants had the right to order Walls to leave the saloon and to employ such reasonable force as was necessary to eject him, yet they were not authorized to use a deadly weapon to accomplish this object, and that if the shot was fired as a means of ejecting Walls and not in the necessary defense of their persons from the infliction of great bodily harm then impending at the hands of Walls, they should convict defendants. The specific objection to this instruction

is that according to its direction Hermann Noeninger might be convicted if the jury believe that the shot was fired at Walls as a means of ejecting him and not in the necessary defense of their persons, without regard to any knowledge on his part of his son's intention to shoot, and though he did not direct, command or procure the shooting to be done.

The instructions must all be read and considered together, and by another instruction the jury was directed to find Hermann Noeninger guilty if they found he was present, commanding, procuring, advising or inciting the commission of the offense by his son. There can be no doubt, from the evidence in the case, that Hermann Noeninger was the principal instigator of, and actor in, the offense. The evidence on the part of the state directly shows that he called to his son to shoot, and he himself says that he called to his son to hand him the pistol, but instead of doing that the son got the pistol and fired himself. The jury could not have misconstrued the instructions. Indeed, the object of the shooting was better known to Hermann than Robert, the latter being behind the bar, and the former being the active participant in the altercation, and upon whom, if anyone, Walls was about to inflict personal injury.

II. The court committed no error in instructing the jury that, "while the defendants are competent witnesses in their own behalf, yet in determining the credibility of their testimony the jury may take into consideration their interest in the result of this suit."

III. The defendant, Hermann Noeninger, objects that the court refused to instruct the jury that they could not convict him, unless they found that there was a common purpose of himself and son to commit the crime. This ruling of the court was right. The court authorized the jury to convict Hermann Noeninger on the theory alone that he commanded, advised, procured or incited his son to shoot, and this is the theory on which he was convicted. Hermann was a principal, and

his conviction as principal was correct.   *State v. Stacy*, 103 Mo. 11.

IV.   The defendant, Robert Noeninger, testified that he did not aim to shoot Walls, but shot over his head for the purpose of frightening him, and defendants now insist that the court erred in not instructing the jury to acquit them if the shot was not fired at Walls, but over his head.   We do not think this position is tenable.   In the first place the court told the jury that if the defendant, Robert Noeninger, *intentionally and in malice shot at Walls* they would convict.   The jury was also told that if they had reasonable doubt of the defendants' guilt they should acquit.   In order to convict, therefore, the jury must have found that the defendant, Robert, *intentionally shot at Walls*, and thus negatived the assertion that he shot over Walls' head.   *State v. Turlington*, 102 Mo. 642 ; *State v. Henson*, 106 Mo. 66.   The instruction covered that question in the case.   In the second place the defendant asked no instruction on this point, and he did not assign the failure of the court to instruct on it as a reason why a new trial should be granted, and hence the objection comes too late.   *State v. Reed*, 89 Mo. 168 ; *State v. Burk*, 89 Mo. 635 ; *State v. McDonald*, 85 Mo. 539 ; *State v. Mitchell*, 98 Mo. 657 ;. *State v. Emory*, 79 Mo. 461 ; *State v. Preston*, 77 Mo. 294 ; *State v. Burnett*, 81 Mo. 119 ; *State v. Mann*, 83 Mo. 589.

The fact that the very able attorney engaged in this case never thought of this alleged error, until he reached this court, raises a strong presumption that the instruction given by the court was well understood by him, and was not calculated to mislead and did not mislead the jury.

V.   The court committed no error in refusing to permit defendant to show that about five minutes after the shot was fired and after Walls had gone out of the saloon, Walls had a knife in his hand.   The fact that he had a knife at such a time, after he had been shot

at, certainly did not tend to prove he was about to assault the defendants with a knife at the time of the pistol shot.

Complaint is also made that the court refused to permit the defendants to prove what Walls said five minutes after the pistol was fired, and after Walls had left the saloon. This was not error. What was then said by Walls was not a part of the *res gestæ*, and, therefore, inadmissible. The defendants could have got Walls' conversation in evidence to impeach him by laying the proper foundation. This they did not do. Besides that, the record does not·show that Walls said anything. The question was asked of the witness if he had any conversation with Walls, and on objection by the state the court refused to permit him to answer, and it does not appear that there was any conversation or if there was, what it was.

Finding no error in the record the judgment is affirmed. All concur.