THE STATE v. ALRED, *Appellant.*

Division Two, May 2, 1893.

1. **Practice, Criminal**: CONTINUANCE. An application for continuance based upon the ground of the absence of material witnesses which fails to comply with the requirements of the statute (Revised Statutes, 1889, sec. 4181) by stating that defendant believes he will be able to procure the testimony of the absent witnesses and the time in which it may be done; that he believes the facts he expects to prove by them are true, and that he is unable to prove such facts by any other witnesses whose testimony can be as readily procured, is properly overruled.

2. ———: CHANGE OF VENUE: EXCEPTION: MOTION FOR NEW TRIAL. Where no exception is taken to the action of the trial court in denying an application for a change of venue and such action is not made a ground of a motion for new trial, it will not be reviewed in the appellate court.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*R. F. Walker,* Attorney General, for the state.

Defendant's application for a continuance was properly overruled. The affidavit is fatally defective in that it does not state what the probabilities are, if any, of procuring the testimony of the absent witnesses, if a continuance be granted; it does not state that the defendant believes the testimony which he alleges the absent witnesses will give is true, or that he will be unable to prove the same facts by any other witnesses whose testimony could be readily procured. Revised Statutes, 1889, sec. 4181; *State v. Underwood,* 76 Mo. 630; *State v. Wilson,* 85 Mo. 134; *State v. Bryant,* 93 Mo. 273; *State v. Heinze,* 45 Mo. App. 403. The

granting or refusal of continuances rests largely in the discretion of trial courts. *State v. Carter*, 98 Mo. 176; *State v. Parker*, 106 Mo. 217.

BURGESS, J.—At a special term of the circuit court of Adair county, held on the twenty-fifth day of August, 1891, defendant was indicted for grand larceny in having, on the third day of July, 1891, stolen $30 in gold from one Stephens Hankins. At the October term following defendant pleaded not guilty, and filed an application for a continuance on the ground of the absence of material witnesses. This application was overruled.

After a jury had been sworn, touching their qualifications, the requisite number of qualified jurymen obtained, and the announcement by the state of its challenges, defendant presented to the court his application in due form for a change of venue, on account of the prejudice of the judge, supported by the affidavit of himself and two witnesses. In this motion defendant alleged that his knowledge of the prejudice of said judge came to him after the case was called for trial This motion was also overruled. Whereupon defendant saved his exceptions, announced his challenges, the trial was proceeded with, defendant convicted, and his punishment assessed at two years' imprisonment in the penitentiary, and he now appeals to this court. No brief has been filed by defendant.

1. We have examined the record in this case with much care and find no error in the action of the court in the admission of or exclusion of evidence; or in giving or refusing instructions.

2. Nor do we think that the court committed error in overruling the application of defendant for a continuance. The affidavit does not state that the defendant would be able to procure the testimony of

the absent witnesses by the next term of the court if a continuance be granted him; nor does it allege that the facts which he expected to prove by said absent witnesses he believed to be true; and that he was unable to prove such facts by any other witnesses whose testimony could be as readily procured, as required by section 4181, Revised Statutes, 1889. *State v. Underwood*, 76 Mo. 630; *State v. Wilson*, 85 Mo. 134; *State v. Bryant*, 93 Mo. 273; *State v. Heinze*, 45 Mo. App. 403.

3. The court overruled the application of defendant for a change of venue, on the ground, we presume, that it was filed out of time, as it was not filed until after the state had announced its challenges, and, as it is in proper form and supported by the affidavits of two disinterested witnesses, not of counsel in the case, as required by section 4175, Revised Statutes, 1889, we can but come to that conclusion. No objection, however, was taken to the ruling of the court on this motion and its attention called thereto in the motion for a new trial, and for that reason it cannot be noticed here. "Nothing is better settled than that errors of this character must be called to the attention of the trial court in a motion for new trial, or they will not be noticed here." *State v. Gilmore*, 110 Mo. 1; *State v. Noeninger*, 108 Mo. 166; *State v. Reed*, 89 Mo. 168; *State v. Mitchell*, 98 Mo. 657; *State v. Harvey*, 105 Mo. 316.

The indictment properly charged the offense; and no error appearing in the record proper, the judgment is affirmed. All concur.