## THE STATE v. TERRY, Appellant.

### Division Two, February 24, 1903.

1. **Evidence:** EXCLUSION: ERROR HOW PRESERVED. Error by the trial court in excluding evidence, in order to be reviewed in the appellate court, must be raised in the motion for a new trial.

2. ———: STATEMENTS BY DECEASED: WHEN HEARSAY. Statements of the deceased, in order to be admissible in evidence, must either be a part of the *res gestae* or made *in articulo mortis*. It is incompetent to permit defendant to prove by another witness that deceased said to him after he was shot that defendant was not to blame for the difficulty, and that if he had stayed sober and in his own place there would have been no trouble. Deceased is not a party to the prosecution, and such evidence is not only hearsay, but mere conclusions of deceased.

3. **Instruction:** COMPETENCY OF DEFENDANT AS WITNESS. Defendant testified as a witness without objection, and no distinction was made in the instructions between him and other witnesses, nor was the fact that he was the defendant on trial in anywise adverted to. *Held*, that, in the absence of a request by defendant that the court instruct that defendant was a competent witness in his own behalf, its failure to do so is not sufficient ground for reversal.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*D. R. Cox, J. L. Downing* and *J. P. Tribble,* for appellant.

(1)   It was error to refuse to permit witness Harrison to answer the question: ''You and Dr. Wells and Stewart had a woman you kept down on the river?''· It was competent to prove this fact to show the interest of witness, and prove his ill will toward the defendant, and also to show the character of witness.   The same objection applies with equal force to the testimony of Dr. Wells.   (2)  The court erred in sustaining the objection of the State to the question asked witness Harrison if deceased and Flood had not had a difficulty just previous to the killing.   It tended to show the condition of the mind of deceased as well as his disposition and turbulent character.   It was admissible also for the further purpose of enabling the jury to determine the reasonableness of the defendant's apprehension of danger when he shot deceased.   Defendant's plea was self-defense, and this testimony should have been admitted to prove the reasonableness of his apprehension at the time of the shooting.   State v. Elkins, 63 Mo. 159; State v. Dettmer, 124 Mo. 426.   It was also competent to explain defendant's· motive in his conduct toward deceased in the fatal difficulty.   State v. Downs, 91 Mo. 19. And acts showing the quarrelsome  disposition of deceased are always admissible where the defendant knows of the deceased's quarrelsome disposition.   State v. Berry, 24 Mo. App. 467.  (3)  McFarland, sheriff, testified to the alleged flight of defendant after the shooting, and that he found him at Little Rock, Arkansas, in custody of the police of that city.   On cross-examination he was asked this question: ''It is not a fact that he went there voluntarily and surrendered himself to the police there and requested them to notify you.' That he wanted to come back and have  a trial?''   The court sustained an objection of the State to this question, and in this ruling undoubtedly committed an error.   While flight, unexplained, is a circumstance tending to prove guilt, yet defendant is entitled to all the explanatory

circumstances connected with it.   State v. Fairlamb, 121 Mo. 147; State v. Evans, 138 Mo. 127.   (4) Witness, D. D. Hinkle testified to a conversation had with deceased a very short time before the difficulty in which he had stated to witness that he was going to clean up that house (referring to the house in which defendant was at work), and that he had a good 38-caliber pistol and was a good marksman.   Defendant's counsel then asked witness this question: "State whether or not he said he would go up against any of them."   The State objected to this question and the court sustained the objection.   It was certainly competent as showing the animus of deceased toward defendant; as demonstrating his violent and dangerous character, and in determining whether or not the defendant acted upon a reasonable apprehension of danger when he fired the shot. State v. Elkins, 63 Mo. 159; State v. Dettmer, 124 Mo. 426; State v. Sloan, 47 Mo. 604.   (5) The court erred in refusing to permit witness Finley to testify as to statements made to him by deceased after he was injured to the effect that defendant was not to blame for the difficulty and that if he (deceased) had stayed sober and in his own place there would have been no trouble.   Also that he did not wish defendant arrested or bothered for what he had done. We admit that the authorities in this State on that proposition are not uniform, this court in the State v. Sloan, 47 Mo. 604, holding such testimony admissible and in the State v. Curtis, 70 Mo. 594, holding that it was not admissible unless they were made so close to the shooting as to be a part of the *res gestae*.   We submit, however, that common right and justice would demand that the statements of deceased, who, above all other persons, knew whether or not he had been in the wrong, should be admitted to the jury for what they were worth.   That the injured person, soon after he was injured was unable to blame defendant for the transaction, would certainly go a long ways towards indicating justification of defendant's conduct.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

(1) In the motion for a new trial defendant made no complaint at the action of the court in ruling out the evidence offered by him and admitting no evidence objected to by him, except as to one reason which is noted elsewhere herein. It does not appear that any error was committed by the trial court in admitting or refusing evidence offered, but if error was made, the attention of the trial court should have been called to the error in the motion for a new trial. This was not done. Alleged errors in admitting and refusing testimony must be raised by the motion for a new trial. State v. Jewell, 90 Mo. 467; State v. Johnson, 115 Mo. 480; State v. Horn, 115 Mo. 416; State v. Music, 101 Mo. 260. It is well settled that no exception or alleged error will be considered on appeal unless called to the attention of the trial court by motion for a new trial. State v. Alred, 115 Mo. 471; State v. Gilmore, 110 Mo. 1; State v. Mann, 83 Mo. 589; State v. Marshall, 36 Mo. 400. (2) Defendant contends that he should have been permitted to have introduced evidence of declarations made by deceased some days after the shooting in which deceased is alleged to have said that he and not defendant brought on the difficulty. Such evidence was not offered as a dying declaration, nor as such was a proper foundation laid. The declarations were no part of the *res gestae.* State v. Walker, 78 Mo. 380. Statements made by defendant four hours after the shooting are no part of the *res gestae.* State v. Curtis, 70 Mo. 594; State v. Day, 100 Mo. 242. (3) It is necessary in order to have the appellate court review the instructions that the motion for a new trial contain a clause calling the court's attention to the alleged error complained of. The exceptions should be saved at the time of the giving of the instructions and the point should be preserved in the motion for a new trial. State v. Catlin, 118 Mo. 111; State v. DeMasse, 98 Mo. 344; State v. Foster, 115 Mo. 448.

BURGESS, J.—At the February term, 1902, of the circuit court of Pemiscot county, defendant was convicted of murder in the second degree, and his punishment fixed at ten years' imprisonment in the penitentiary under an information theretofore filed in the office of the clerk of the circuit court of said county by the prosecuting attorney thereof, charging him with having at said county on June 23, 1901, unlawfully, willfully, feloniously, deliberately, premeditatedly, on purpose and of his malice aforethought, with a pistol, shot and killed one Charles Stewart.

After unsuccessful motions for new trial and in arrest, defendant appeals.

The salient facts are about as follows:

On June 23, 1901, and for sometime prior thereto, the defendant was employed in the management of a pool room, which was adjacent to a saloon in Pascola, Pemiscot county, Missouri.  On that day there were numerous persons at the rooms in charge of defendant, among whom was Charles Stewart, the deceased.  It seems that Stewart was crippled and deformed until he was unable to walk or move about in an upright position.  Deceased, with others, had been drinking considerably during the day, none of whom, however, as the evidence shows, had become thoroughly intoxicated. At about eleven o'clock, p. m., on the day of the homicide, defendant and one Dr. Wells were engaged in playing a game of pool.  Deceased and Dr. Wells were on intimate terms and deceased had been playing pranks on the Doctor by interfering with the pool balls.  Just previous to the homicide he asked Dr. Wells who was running the house, and in reply defendant stated that he (Terry) was, and as deceased asked the question, he, with his left hand upon the pool table, raised himself up as though he was going to again move the pool balls, and as defendant made reply to the question asked by deceased of Doctor Wells, he drew from his pocket a 38-caliber revolver and taking deliberate aim shot Stewart, the ball passing entirely through his body and giving him a mortal wound, from which he died, after linger-

ing in much pain, on July 31, 1901. Immediately after shooting Stewart, defendant covered Dr. Wells with his weapon, and caused him to throw up his hands; then defendant left the room and was located sometime afterwards in Little Rock, Arkansas. He returned to Missouri without requisition papers; a trial was had and the jury failed to agree. Upon second trial he was found guilty of murder in the second degree and his punishment fixed at ten years' imprisonment in the penitentiary. He appeals.

Evidence was introduced by defendant to show that deceased had made threats against him and that he was a rough, violent man. Defendant set up self-defense and asserted that deceased was making an assault upon him at the time of the homicide and he shot him in self-defense.

The court instructed on murder in the first and second degrees, manslaughter in the second and fourth degrees, and self-defense.

The principal ground urged upon the attention of this court for a reversal of the judgment is with respect to the action of the court below in excluding evidence offered by defendant, but in the motion for a new trial, except as to matter hereafter considered, no complaint is made to the action of the court in this regard, nor its attention in any way called thereto, and it has uniformly been held that errors of this character, in order to be reviewed on appeal or writ of error, must be raised by such a motion. [R. S. 1899, sec. 2689; Ray v. Thompson, 26 Mo. App. 431; State v. Johnson, 115 Mo. 480.] In State v. Gilmore, 110 Mo. 1, it is said: "Nothing is better settled than that errors of this character must be called to the attention of the trial court in a motion for new trial, or they will not be noticed here." [State v. Noeninger, 108 Mo. 166; State v. Reed, 89 Mo. 168; State v. Mitchell, 98 Mo. 657; State v. Harvey, 105 Mo. 316; State v. Alred, 115 Mo. 473.]

Defendant offered to prove by witness Finley that deceased stated to him after he was shot, in effect, that defendant was not to blame for the difficulty, and that

if he (deceased) had stayed sober and in his own place, there would have been no trouble, and that he did not wish defendant arrested or bothered for what he had done.    This testimony on objection by the State was excluded, and that ruling is assigned for error.    Deceased was no party to the prosecution, and the State was not bound by anything he may have said with respect to the difficulty, either before or after it occurred.    What he did say was mere hearsay.    It is only when statements of this character are part of the *res gestae,* or are made *in articulo mortis,* that they are admissible in evidence (McMillen v. State, 13 Mo. 31; State v. Punshon, 124 Mo. 448), and there is no pretense that the statements proposed to be proven were either part of the one, or made in anticipation of immediate dissolution.

Moreover, the statements were mere conclusions of the witness and inadmissible for that reason also.

The court did not instruct the jury that defendant was a competent witness in his own behalf, and this is assigned for error in the motion for new trial.    Defendant did, however, testify as a witness without objection, and no discrimination is made in the instructions between him and other witnesses; nor, is the fact that he was the defendant on trial in any manner adverted to, and it does seem to us, in the absence of a request of the court by defendant to so instruct that he was competent to testify as a witness in his own behalf, that the failure of the court to do so should not be sufficient ground for a reversal of the judgment.

The indictment is well enough.    The verdict amply sustained by the evidence, which clearly established defendant's guilt.    The judgment is affirmed.

All concur.