· THE·STATE v. JOE· MARTIN, Appellant.— 295 S. W. 543.

Division Two, June 3, 1927.

1. CONTINUANCE: Absent Witness: Belief that Facts are True. An application for a continuance on account of an absent witness which fails to state that affiant believes that the facts to which said witness if present would swear are true does not comply with the statute (Sec. 3997, R. S. 1919), and though sufficient in all other respects, if it fails to state that "he believes them to be true," it, will not warrant a continuance.

2. PERJURY: Materiality of Testimony in Former Case: Elimination by Acquiescence. The information charges that in a certain former cause defendant was charged with the crime of unlawfully possessing intoxicating liquor and at the trial falsely swore that on a certain night he visited the residence of his former wife· and· purchased from her several drinks of intoxicating liquor; and at the perjury trial it was admitted that it became and was a material question in defendant's trial in that case whether defendant had purchased intoxicating liquor from his said former wife, and that·upon that issue defendant swore that he had purchased several drinks of ·intoxicating liquor from her. At the trial neither the indictment nor any part of the record of the former case was introduced in evidence. **Held,** that, notwithstanding there is nothing in the record to show that defendant's purchase of intoxicating liquor from his former wife was material to his defense to. the charge of unlawful possession, and his alleged false testimony does not on its face appear to have been material to his defense, yet as both sides throughout the perjury trial treated the question whether defendant bought liquor from his former wife as material to the issue in that case, and as defendant at no stage of the trial made any objection to any evidence on account of the lack of materiality, of the alleged false testimony, and as there is no assignment of error in the motion for a new trial which suggests that the alleged false testimony was not material to the issue in that case, the materiality of that question on appeal has been eliminated from the case.

3. ————: Information: Sufficiency. An information charging the pendency of a suit in which evidence was given, the issue on the trial, the administration of an oath, the alleged false testimony, that it was material, the negation of its truth and· the assignment of perjury, contains all averments necessary·in a charge of perjury, and is not defective under the statute (Sec. 3132, R. S. 1919) in failing to aver facts showing materiality, and particularly so where it alleges that "it then and there became and was a material question whether said defendant had purchased intoxicating liquors from," etc.

4. ASSIGNMENTS: Variance. An assertion in the motion for a new trial that there was a fatal variance between the allegations and proof is not a sufficient assignment in a criminal case, under new Section 4079 (Laws 1925, p. 198), if it does not state particularly the specific grounds of the variance.

5. ————: Instructions: Verdict. Assignments in the motion for a new trial in a criminal case that certain instructions are erroneous, and that the verdict is against the law and against the evidence, are insufficient to authorize a review of them on appeal, under new Section 4079, Laws 1925, page 198.

6. PERJURY: Contradictory Evidence. The sole and only question submitted to the jury being whether the admitted testimony of the defendant

in his own former trial was true or false, and the only evidence offered being on that issue, and the jury, in the face of substantial evidence both for the State and for the defendant, having found the defendant guilty, and there being no procedural errors warranting a reversal, the judgment must be affirmed.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 922, p. 503, n. 3; 17 C. J., Section 3350, p. 89, n. 67; Section 3351, p. 90, n. 75; Section 3353, p. 92, n. 1 New; Section 3555, p. 209, n. 85. **Perjury,** 30 Cyc., p. 1426, n. 20; p. 1435, n. 63; p. 1456, n. 15.

Appeal from Pettis Circuit Court.—*Hon. Dimmitt Hoffman,* Judge.

AFFIRMED.

*H. K. Bente* and *C. I. Bennington* for appellant.

(1) The statute clearly defines perjury and clearly states that a man must willfully and corruptly testify to a material matter. False testimony as to immaterial or improper matter is not perjury. Sec. 3126, R. S. 1919; Hintch v. State, 2 Mo. 158; State v. Shanks, 66 Mo. 560; State v. Koslowesky, 228 Mo. 351; State v. Hardiman, 277 Mo. 229, 209 S. W. 879; State v. Ruddy, 287 Mo. 52, 228 S. W. 760. (2) To constitute perjury the false oath must be made willfully and corruptly, the intent to testify falsely must appear. 30 Cyc. 1403, sec. B; State v. Higgins, 124 Mo. 640; Martin v. Miller, 4 Mo. 47. (3) At the trial for possessing intoxicating liquor had in January, 1925, the fact that the defendant purchased whiskey from Gertrude Martin in the month of August, 1924, was certainly not material to the issue on the trial of defendant for possessing one quart of in-toxicating liquor on October 10, 1924. The statement made by him does not constitute perjury. 30 Cyc. 1413; Sec. 3126, R. S. 1919; State v. Higgins, 124 Mo. 640; Martin v. Miller, 4 Mo. 47; State v. Dineen, 203 Mo. 628; State v. Railway, 34 Mo. 350. (4) The information is defective. It does not follow the statute, in that it does not charge that the perjured evidence in question was material to the issue on trial in said former case, and does not set out that the defendant gave such testimony knowing it to be false. Sec. 3126, R. S. 1919; 30 Cyc. 1403, 1433; State v. Higgins, 124 Mo. 540; State v. Dineen, 203 Mo. 628. (5) The statute provides that an information or indictment for perjury must show conclusively that the testimony given or the assertion made by the defendant and charged to be false was material to the issue on the trial of which he was sworn. 30 Cyc. 1433; State v. Holden, 48 Mo. 93; State v. Dineen, 203 Mo. 628; State v. Nelson, 146 Mo. 256; State v. Wakefield, 73 Mo. 549; State v. Ackerman, 214

Mo. 325; State v. Owen, 73 Mo. 440; State v. Shanks, 66 Mo. 560; State v. Keel, 54 Mo. 182; State v. Cave, 81 Mo. 450.

*North T. Gentry,* Attorney-General, and *Smith B. Atwood,* Assistant Attorney-General, for respondent.

(1) The information is sufficient since it contains all of the essential allegations in a charge of perjury. State v. Walker, 194 Mo. 369; State v. Gordon, 196 Mo. 185; State v. Rhodes, 220 Mo. 11; Sec. 3126, R. S. 1919. (2) The appellant's application for continuance was properly refused because: (a) The evidence sought was merely cumulative, and the court's refusal of a continuance to secure such evidence is not reversible error. State v. Richardson, 267 S. W. 841; State v. Riddle, 179 Mo. 287; State v. Mitchell, 204 S. W. 801; State v. Sassaman, 214 Mo. 695; State v. Horn, 209 Mo. 452. (b) The evidence sought tended to discredit the evidence of the prosecuting witness rather than to prove defendant's innocence. State v. Hilsabeck, 132 Mo. 348; State v. Wilson, 242 S. W. 886. (c) Necessary diligence in securing the absent witness was not shown in view of a former trial of this case in which said witness was not subpoenaed. Sec. 3997, R. S. 1919. (d) The discretion of the trial court's action on an application for a continuance will not be disturbed for slight reasons. (3) General objections in motion for new trial to the admission or exclusion of evidence are not sufficient to present the matter complained of before this court for review. State v. Ellis, 290 Mo. 219, 234 S. W. 845; State v. Holden, 203 Mo. 581; State v. Epenschied, 110 S. W. 1072. (4) The positive evidence of Gertrude Martin was corroborated by other evidence accounting for her whereabouts during all the time in question so that it was for the jury to determine the facts, even though the testimony is conflicting. Since there was substantial evidence to support the verdict, the court was not justified in overruling appellant's demurrer to all of the evidence. State v. Jackson, 283 Mo. 18, 222 S. W. 746; State v. Clinkingbeard, 247 S. W. 202; State v. Loeb, 190 S. W. 299; State v. Mitchell, 252 S. W. 393. (5) General objections to instructions in motion for new trial are not sufficient to present the matters complained of before this court for review. Laws 1925, p. 198, sec. 4079; State v. Glenn, 262 S. W. 1030; State v. Othick, 184 S. W. 106; State v. Dockery, 234 Mo. 592; State v. Snyder, 263 Mo. 664.

WHITE, J.—The defendant appeals from a judgment rendered January 22, 1926, following the verdict of a jury in the Circuit Court of Pettis County, finding him guilty of perjury and assessing his punishment at two years' imprisonment in the penitentiary.

The information charged that at the January term of the Criminal Division of the Circuit Court of Pettis County, 1925, a certain cause was pending wherein the State of Missouri was plaintiff and Joe Martin was defendant, wherein Joe Martin was charged with the "crime of unlawfully possessing intoxicating liquors;" that issues were being tried by a jury and Joe Martin appeared as a witness on his own behalf; was duly sworn and testified that he, in company with Benny Vaughn, on the —— day of August, 1924, at about eight o'clock had gone to the residence of Gertrude Martin in the city of Sedalia, and remained there from the hour aforesaid to ten o'clock P. M., and while there he had purchased from her several drinks of intoxicating liquor; that he then and there knew that said testimony was false and corrupt; that in truth and in fact he did not go to the home of the said Gertrude Martin on that day, nor purchase any liquor from her.

An application for continuance was filed by defendant and over-ruled by the trial court.

On the trial it was admitted that a cause was pending in the Circuit Court of Pettis County, wherein the defendant Joe Martin was charged with the possession of intoxicating liquor, and that the case was on trial before a jury; that it became and was a material question whether said Joe Martin had purchased from one Gertrude Martin intoxicating liquor on the —— day of August, 1924, and that upon that issue Joe Martin swore in substance and effect that in company with Bennie Vaughn on Friday night of the State Fair of Pettis County, 1924, he visited the home of Gertrude Martin at 1408 South Prospect Street, remained for a couple of hours, and purchased several drinks of intoxicating liquor from said Gertrude Martin.

The State produced Gertrude Martin as a witness and she testified that on the last day of the State Fair, which was Friday, 1924, she was at the fair grounds from twelve o'clock noon until eleven o'clock at night; was not at her home during that time, and sold no intoxicating liquor to the defendant Joe Martin, and did not see him during the day or night.

Several other witnesses testified for the State that they saw Gertrude Martin at the State Fair on that day, and that night during the hours at which Joe Martin testified he was at her home.

Defendant introduced four or five witnesses who testified that they had bought whiskey from Gertrude Martin at various times. Two witnesses testified that they went with Joe Martin on Friday night of the State Fair, 1924, and bought whiskey from her. The defendant introduced one witness who testified that Gertrude Martin's reputation was bad, and four witnesses who testified that Joe Martin's reputation was good. Gertrude Martin was the divorced wife of Joe Martin at the time mentioned in the evidence.

The jury found the defendant guilty of perjury, as charged, and in so doing must have found that he did not purchase whiskey of Gertrude Martin at the time mentioned, that being the essential issue of fact submitted to the jury.

I.  Error is assigned to the action of the court in overruling the defendant's application for a continuance, which was presented on the ground that one Leona Oswald, an important and material witness for the plaintiff, was absent, and that the defendant could not safely go to trial without her presence. Facts were set out for the purpose of showing diligence in attempting to procure her appearance, and that if present she would testify that Gertrude Martin tried to get her to testify falsely as to certain material facts, to-wit, that Gertrude Martin was not at home, but was at the fair grounds on Friday night of the Fair week; that the said Gertrude Martin proposed to the absent witness that she get her small daughter, Leona Oswald, to testify to certain untruths.

**Continuance.**

The application has all the formal requirements of Section 3997, Revised Statutes 1919, except that, after stating the facts which the absent witness would swear to, it fails to state "that he believes them to be true." The application nowhere says that the applicant believes to be true the facts which the absent witness would swear to. This is a necessary statement and its absence makes it insufficient to warrant the court in granting a continuance. [State v. Blitz, 171 Mo. 1. c. 536; State v. Alred, 115 Mo. 471.] It is therefore unnecessary to consider other alleged infirmities in the application.

II.  The brief and argument of the appellant is devoted almost entirely to the proposition that the alleged perjured statement of the defendant was not material to the issues in the case in which the evidence was given. Neither the information or indictment, nor any of the record in the case wherein Joe Martin was charged with the unlawful possession of liquor, was introduced in evidence. We know that there was such a charge pending only by the admission of counsel made at the start of the case. The alleged false testimony upon its face does not appear to be material to the defense of Joe Martin. There is nothing in the record to show how his purchase of liquor from his former wife on a certain day was material, nor when that alleged possession occurred.

**Material Issue.**

However, the stipulation is that it became a material question whether the defendant did purchase liquor from Gertrude Martin on the day mentioned. We need not decide that this is a judicial admission made in open court by the defendant which would be binding upon him, although a mere conclusion, because, for other reasons

the issue of materiality is eliminated from consideration. Both sides treated it throughout as material to the issue. The defendant made no objection at any period to any evidence on account of the lack of materiality of the alleged false statement. If it was not material, no evidence was admissible to prove it was true. But evidence *pro* and *con* was offered without objection from the defendant regarding the truth or falsity of the statement. There is no assignment of error anywhere in the motion for new trial which suggests that the alleged false statement was not material to the issue. The trial court instructed the jury that the statement was material. That court had before it the record in the case in which that evidence was offered, and of course was in position to determine whether it was material.

III. The motion for new trial assigns as error that the information did not state facts sufficient to charge the defendant with the commission of the crime. It contains all the averments **Information.** necessary in a charge of perjury. The pendency of the suit in which the evidence was given, the issue on the trial, the administration of the oath, the alleged false testimony, that it was material, the negation of its truth and the assignment of perjury. From the argument it appears that the alleged defect is the failure to aver the facts which show the materiality. Section 3132, Revised Statutes 1919, provides that an indictment for perjury shall be sufficient in that respect if it set forth in substance "that the matter or testimony alleged to be false was material to a certain issue named, without setting forth the particular facts and showing its materiality." The information avers: "It then and there became and was a material question whether said Joe Martin had purchased from one Gertrude Martin intoxicating liquor," etc.

That allegation meets the requirement of the statute.

IV. The motion asserts that there was a fatal variance between the allegation and the proof. This is not sufficient assignment, under Section 4079, Revised Statutes 1919, as amended by the Act of 1925, because it does not state "particularly" the "specific grounds" of that variance. Nor is the ground of the variance suggested in the appellant's brief.

V. It is claimed that certain instructions are erroneous but the assignment in the motion for new trial of error in that respect is insufficient to authorize a review under Section 4079, Revised Statutes 1919, as is likewise the assignment that the verdict is against the law and against the evidence.

As the case was tried, it was purely and solely a question of fact, submitted to the jury as to whether or not the admitted testimony of Joe Martin in his own case was true or false. The only evidence offered was upon that issue and the jury found him guilty. We are unable to find any error warranting a reversal.

The judgment is therefore affirmed. All concur.