The State v. Yocum.

THE STATE v. YOCUM, *Appellant.*

Division Two, November 9, 1893.

1. **Criminal Practice:** RAPE: EVIDENCE.    It is not competent for the defendant on trial for rape to show what the prosecutrix said to a physician examining her a week afterwards as to how the assault occurred, where the proper foundation for impeaching her has not been laid.

2. ————: ASSAULT WITH INTENT TO RAPE: VERDICT.    A verdict of guilty of an "assault to commit rape" is sufficient.

3. ————: ————: ————.    The evidence in this case *held* amply sufficient to support the foregoing verdict.

*Appeal from Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*J. W. McAntire* for appellant.

(1) The conversation between the prosecuting witness and Mrs. Swartz in relation to what occurred at the time the rape was charged to have been committed was competent as a part of the *res gestæ.* *Brownell v. Railroad,* 47 Mo. 239; *State v. Sloan,* 47 Mo. 611; *Harriman v. Stowe,* 57 Mo. 96; *Leahey v. Railroad,* 97 Mo. 165. The giving of instructions which are misleading is error. *State v. Bailey,* 57 Mo. 131; *State v. Patterson,* 98 Mo. 283; *State v. Herrell,*

·97 Mo. 105; *State v. Graham*, 96 Mo. 120. (2) To constitute rape, the act must be intended to be done with force and without the woman's consent. The instruction clearly enunciated the conditions and elements which it takes to make up the crime of rape, or attempt to rape. *State v. Cunningham*, 100 Mo. 394; *State v. Perkins*, 11 Mo. App. 82. (3) The court erred in refusing to give the instructions asked by defendant. *State v. Priestly*, 74 Mo. 24; *State v. Burgdorf*, 53 Mo. 65. (4) The court erred in instruction number 2 given ·of its own motion; it was founded on Revised Statutes, 1889, section 3940, but did not come within its terms.

*R. F. Walker*, Attorney General, for the state.

(1) The defendant made no objection and saved no exceptions to the action of the trial court in giving the twelve instructions upon its own motion; hence, though the court may have refused the three instructions asked by defendant, although he saved his exceptions to such action of the court, he will be taken to have consented to, and acquiesced in, the giving of said instructions, and will not be heard now to complain. (2) The testimony of Mrs. Swartz, the midwife, who was ·called at the instance of the father of the prosecutrix, and in her professional capacity consulted with prosecutrix, heard her statements and made an examination of her person, was inadmissible for the reason that it was privileged, and the court committed no error in excluding it on objection of the representative of the state. *State v. Dawson*, 90 Mo. 149; *King v. Kansas City*, 27 Mo. App. 231; *Corbet v. Railroad*, 26 Mo. App. 621. (3) Again, the proper foundation had not been laid for the impeachment of the prosecutrix by the testimony of the midwife. This was necessary. *State v. Foye*, 53 Mo. 336; *Thompson v. Ish*, 99 Mo. 160.

GANTT, P. J.—At the September term, 1892, of the Jasper circuit court, an indictment containing two counts was returned by the grand jury, the first charging the defendant with rape upon Nancy Roten; the second, with an assault with intent to rape her on the night of the fourth of August, 1892.

Defendant was duly arraigned, and entered his plea of "not guilty." The cause was tried at Joplin at the December term, 1892, and the following verdict rendered by the jury:

"We, the jury, find the defendant, Chris. Yocum, guilty of an assault to commit rape, and assess the penalty at three years in the penitentiary.

"HENRY J. BLACKWELL, Foreman."

A motion for a new trial, assigning various grounds, was filed in due time, and overruled. The errors assigned in this court relate to the exclusion of evidence and the giving and refusing of instructions, all of which will appear in the order of the defendant's brief.

I. The defendant complains that the circuit court refused to permit Doctor Swartz to state what the prosecutrix said to her about a week after the rape was attempted. The question was: "State if the girl told you anything about her condition, and what declaration she made to you." Upon the objection of the prosecuting attorney, the court said: "You may examine her as to what she said about her organs at the time, what complaint she made, but nothing as to how it occurred." To which counsel for defendant excepted, and said: "We propose to prove by this witness *that at the time* she made the examination of the prosecuting witness (about one week after the alleged attempt) she made a statement as to how this occurred at the time she claims to have been raped." The court

thereupon ruled that anything the girl may have said *at that time* as to how it happened was incompetent, and defendant excepted.

It will be observed that these questions in no way referred to the statement made by the prosecutrix, constituting a part of the *res gestæ;* nor was it asked by way of impeachment, a proper foundation having been laid.   As the prosecutrix was not a party to the record, her statements, except as a part of the *res gestæ*, or by way of impeachment, were wholly inadmissible against the state.   *State v. Noeninger*, 108 Mo. 166; *McMillin v. State*, 13 Mo. 30.

II. The court, of its own motion, gave these instructions:

"If you do not believe from the evidence that defendant carnally knew Nancy Roten and committed rape as set forth and defined in instruction numbered 1, and you do believe from the evidence that the defendant at the time and place mentioned in said instruction attempted *forcibly and against the will of said Nancy Roten to commit a rape upon her by carnally knowing her*, and in such attempt took hold of her and did any act toward the commission of such offense, but failed in the perpetration thereof, you should find defendant guilty of attempt to rape, and assess his punishment at imprisonment in the penitentiary for any term not less than two years and not exceeding fifteen years."

"Although you may believe from the evidence that defendant took hold of the prosecuting witness, and that they had a wrestle or a scuffle, unless it was done with intent to have carnal knowledge of her by force and against her will, you will find him not guilty of an assault to commit rape."

The defendant complains of these as erroneous and misleading.   He asked the court to give substantially the same instructions, except that in one he added to the

Vol. 117—40

words, "by force and against her will" the additional clause, "notwithstanding the resistance of the prosecuting witness;" and in the other the expression, "and to gratify his passion at all events, notwithstanding the resistance of prosecuting witness."

The court's instructions were clear and ample. The omitted clauses were mere tautology, and were included in the instructions of the court, hence, no error was committed in refusing them. The court gave full and fair instructions on the presumption of innocence and reasonable doubt.

The verdict is criticised as indefinite and uncertain, because it fails to use the words "assault with intent" to commit rape, and merely states that they find him guilty of an "assault to commit rape." The verdict is sufficient.

There was ample and convincing evidence to satisfy the jury that an assault with intent to commit rape was made by defendant at the time charged; that he was only prevented by the extreme resistance of the girl and her screams, which were heard by witnesses. Upon her arrival at home she immediately informed her mother of the assault, and her story was also corroborated by the condition of her clothing, which was soiled, torn loose and unfastened, and by a bruise over her eye. Defendant also confessed to the officer that he failed only because "she kicked around so over the ground," and that "he stopped her screams by putting his hand over her mouth."

The judgment is affirmed. All of this division concur.