State v. Vollenweider.

STATE OF MISSOURI, Respondent, v. GOTTFRIED VOLLENWEIDER, Appellant.

### St. Louis Court of Appeals, April 15, 1902.

1. **Criminal Law: WIFE ABANDONMENT: PLEA OF FORMER CONVICTION: DEMURRER.** As the offense of wife abandonment may be repeated after a conviction, by the husband resuming the conjugal relations with his wife and then abandoning her without good cause, the plea of former conviction in April for abandonment in November of the year preceeding, without negativing the fact after the April conviction the defendant had, not resumed the conjugal relation with his wife, is demurrable.

2. ————. When defendant is charged with wife abandonment it is error to instruct the jury that a good cause for abandonment is such cause as would have afforded defendant sufficient ground for separation and divorce, as it submitted to the jury a question of law.

3. ————. A cause for divorce and separation is a legal question to be determined by the court and not by the jury.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis H. Clark,* Judge.

AFFIRMED.

*S. S. Bass* for appellant.

(1) The court erred in sustaining the State's alleged demurrer to the defendant's plea of former conviction. The plea presented an issue of fact upon which the defendant was entitled to a trial by a jury, unless he waived it. State v. Huffman, 136 Mo. 58; State v. Hatcher, 136 Mo. 641; State v. Wiseback, 139 Mo. 214. (2) The defendant's motion to discharge on the State's case should have been sustained: (a)

Because the abandonment was committed when defendant first left prosecutrix, and could not be committed again until he had returned to her and resumed the conjugal relation. (b) Because the State failed to prove that the defendant, beyond a reasonable doubt, willfully abandoned the prosecutrix, and that he did so without good cause, and with a criminal intent. (c) Defendant should be discharged where the cause was submitted on part of the State on evidence insufficient to warrant a conviction. State v. Miller, 44 Mo. App. 159; State v. Fuchs, 17 Mo. 458; State v. Jeremiah Maher, 77 Mo. App. 401; State v. Satchwell, 68 Mo. App. 39; State v. Doyle, 68 Mo. App. 219. (3) The court erred in leaving a matter of law to the determination of the jury in the instruction, to-wit: "Fourth, that he did so without good cause, such as would afford him sufficient grounds for separation and divorce." State v. Chandler, 132 Mo. 155; State v. Forsythe, 89 Mo. 667; State v. Mitchell, 98 Mo. 657.

No brief for respondent.

BLAND, P. J.—The information is bottomed on section 1861, Revised Statutes 1899, and was filed in the St. Louis Court of Criminal Correction, September 29, 1900. It charges that on September 17, 1900, and on divers other days between that date and the filing of the information, defendant had, without good cause, abandoned his wife and had failed, neglected and refused to maintain and provide for her.

On November 28, 1900, defendant filed his plea of former conviction of the same offense. In his plea he alleged that on the sixteenth day of April, 1900, he had been convicted of abandoning his wife on November 15, 1899, and that the offense of which he was then convicted and of which he is now charged are one and the same offense. The prosecuting attorney interposed a verbal demurrer to defendant's plea of former conviction, the substance of which was, "that admit-

State v. Vollenweider.

ting the allegations of the plea, it raised no issue of fact." The demurrer was sustained by the court and the defendant was put upon his trial and convicted and sentenced, from which he duly appealed to this court.

As the offense charged is one that may be repeated after a conviction, by the husband resuming the conjugal relations with his wife and then again abandoning her without good cause, the plea of former conviction on April 16, 1900, for abandonment in November, 1899, without negativing the fact that after the April conviction the defendant had not resumed the conjugal relation with his wife, was demurrable.

The evidence on the part of the State tends to prove that in the latter part of July, 1900, the defendant went to his wife's house, had his dinner there and stayed all night with his wife; that he left next morning and did not return for three weeks, when he again returned, stayed all night and thereafter continued to come in once or twice or three times a week and stay all night with his wife until September 18, 1900, when he left and did not again return; that he earned twelve dollars per week but refused to contribute a penny at any time towards her support, though often importuned by her to do so.

For the State the court instructed the jury as follows:

"If you believe and find from the evidence that in the city of St. Louis, and State of Missouri, and at any time after the sixteenth day of March, 1900, and the twenty-seventh day of September, 1900, defendant being then and there lawfully married to Stella Vollenweider, did, without good cause and against her will, unlawfully and willfully abandon and desert said Stella Vollenweider, and thereafter and until said twenty-seventh day of September, 1900, being during such time financially able to maintain and provide for her, did unlawfully and willfully fail, neglect and refuse to maintain and provide for said Stella Vollenweider, then it will be your duty to find the defendant guilty, and assess his punishment at a

fine of not less than $50 nor more than $1,000, or imprisonment in the St. Louis city Workhouse for a period of not more than one year, or both such fine and imprisonment; and unless you believe from the evidence as above, it will be your duty to find the defendant not guilty.

"The term 'unlawfully,' as used in the information and these instructions, means in violation of duty enjoined by the law.

"The term 'willfully,' as used in the information and these instructions, means intentionally and without regard to the rights of others.

"To constitute an abandonment and desertion within the meaning of the law and of these instructions, it must appear from the evidence to your satisfaction and beyond reasonable doubt, first, that defendant ceased and abstained from cohabiting with his wife; second, that he did so intending not to resume cohabitation with her; third, that he did so without the consent and against the will of his wife; fourth, that he did so without good cause, such as would afford him sufficient ground for separation and divorce; and fifth, that he did so with the criminal intention on his part to permanently abandon his wife without good cause."

It was error to tell the jury that a good cause for abandonment was such cause as would have afforded defendant sufficient ground for separation and divorce, as it submitted to the jury a question of law. Had the defense rested on the ground of a food cause for abandonment it would have been the duty of the court to have defined the cause or causes that would in law excuse the defendant. A cause for a divorce and separation is a legal question to be determined by the court and not by the jury. Definitions, not abstractions, should be given to the jury in instructions. State v. Mitchell, 98 Mo. 657. But we do not think the defendant was prejudiced by this error. He testified that he had never resumed the

Vol 94 app—11

conjugal relation with the plaintiff; that after his first conviction he had called on her but one time and then to ask her to move with him to South St. Louis; that she refused to do so and he immediately left and did not thereafter return. He was bound by his own testimony. State v. Brooks, 99 Mo. 137. He did not rely on cause as a justification of his abandonment but denied the abandonment. There was no confession and avoidance in his defense. Defendant denied the commission of the act.

It is further contended by defendant's counsel that the word "cohabit" should have been defined; that it is a technical term. The term has a legal signification in the definition of some crimes, as in the definition of the crime of lewd and lascivious cohabitation, but is an ordinary term and has a well-understood meaning when applied to the relation of husband and wife.

The judgment is affirmed. *Barclay* and *Goode, JJ.*, concur.